# UNITED STATES v. GRAHAM.

APPEAL FROM THE COURT OF CLAIMS.

Submitted January 4th, 1884.—Decided January 21st, 1884.

*Construction of Statutes—Mileage.*

1. The act of 1835, 4 Stat. 755, which provided that ten cents a mile should be allowed to naval officers for travelling expenses while travelling under orders, made no distinction between travelling in and travelling out of the country. It was not repealed by the act of April 17th, 1866, 14 Stat. 38, nor by the act of July 15th, 1870, 16 Stat. 332, and was in force during the whole time that the travel was performed which is sued for, and its plain provisions are not affected by a contrary construction long put upon it by the Navy Department. *United States* v. *Temple*, 105 U. S. 97, approved and followed.

2. When there is ambiguity or doubt in a statute, a long continued construction of it in practice in a department would be in the highest degree persuasive, if not absolutely controlling in its effect. But when the language is clear and precise, and the meaning evident, there is no room for construction.

Suit in the Court of Claims for mileage at the rate of ten cents a mile under the act of March 3d, 1835, 4 Stat. 755. Judgment below for the claimant, from which the United States appealed. The issues and contentions are stated in the opinion of the court.

The case was submitted on briefs.

*Mr. Solicitor-General* and *Mr. Assistant Attorney-General Simons* for appellants.

*Mr. Robert B. Lines* and *Mr. John Paul Jones* for appellee.

*Mr. Charles F. Benjamin* also filed a brief for appellee.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

We are unable to distinguish this case in principle from that of *United States* v. *Temple*, 105 U. S. 97, in which it was decided that an officer of the navy who, while engaged in public business, travelled under orders by land or sea, the travel by

sea not being in a public vessel of the United States, was entitled, under the act of June 30th, 1876, c. 159, 20 Stat. 65, to mileage at the rate of eight cents a mile for the whole distance travelled, whether by sea or land. The mileage sued for in this case accrued while the act of March 3d, 1835, c. 27, 4 Stat. 757, was in force. The language of that act, on which the question now presented arises, is as follows:

"It is hereby expressly declared that the yearly allowance provided for in this act is all the pay, compensation, and allowance that shall be received under any circumstances whatever, by any such officer or person, except for travelling expenses under orders, for which ten cents per mile shall be allowed."

That of the act of 1876, passed upon in Temple's case, was:

"And so much of the act of June 16th, 1874 . . . . as provides that only actual travelling expenses shall be allowed to any person holding employment or appointment under the United States while engaged on public business, as is applicable to the officers of the navy so engaged, is hereby repealed; and the sum of eight cents per mile shall be allowed such officers while so engaged, in lieu of their actual expenses."

It is found as a fact in this case that on the 6th of April, 1835, which was only a little more than a month after the act of 1835 passed, circular instructions were issued from the Treasury Department to the effect that mileage at the rate of ten cents a mile was fixed by law and should be paid for travelling expenses within the United States, but that the usual and necessary passage money actually paid by officers returning from foreign service, under orders or on sick ticket, when they could not return in a public vessel, would be paid as theretofore, as well as the like expenses of officers going out. The navy regulations adopted in 1865, and in force in 1872, when the claim of Graham, the appellee, accrued, provided that "for travelling out of the United States the actual expenses only are allowed." It is also found that from the time of the passage of the act of 1835 until the decision of Temple's case in this court, the Navy and Treasury Departments had, with a single

exception, always held that the ten cents a mile did not apply to travel to, from, or in foreign countries, but only to travel in the United States. In Temple's case the long continued practice in the departments was relied on to justify the decision of the accounting officers of the treasury against him, but the fact of the actual existence of the practice was not found as it has been now.

The operative words in the act of 1876 are " the sum of eight cents per mile shall be allowed," and in the act of 1835, " for which ten cents per mile shall be allowed." · In Temple's case it was said the language of the act of 1876 was so clear and explicit as not to be open to construction, and to our minds the same is true of the act of 1835. Under both acts all travelling expenses are to be paid by mileage, and there is not in either of them any indication of an intention of Congress to make a distinction between travel by sea or on land, in foreign countries or in the United States. As was remarked by Mr. Justice Woods, " the practice . . finds no higher warrant or sanction in the. act of 1835 than in the act of 1876."

Such being the case, it matters not what the practice of the department smay have been or how long continued, for it can only be resorted to in aid of interpretation, and "it is not allowable to interpret what has no need of interpretation." If there were ambiguity or doubt, then such a practice, begun so early and continued so long, would be in the highest degree persuasive, if not absolutely controlling in its effect. But with language clear and precise and with its meaning evident there is no room for construction, and consequently no need of anything to give it aid. The cases to this effect are numerous. *Edwards' Lessee* v. *Darby*, 12 Wheat. 206; *United States* v. *Temple, supra ;* *Swift Co.* v. *United States*, 105 U. S. 691 ; *Ruggles* v. *Illinois*, 108 U. S. 526.

*The judgment is affirmed.*