## UNITED STATES *v.* TANNER.

### APPEAL FROM THE COURT OF CLAIMS.

No. 335. Submitted January 3, 1893. — Decided March 6, 1893.

A marshal is not entitled to charge " travel in going to serve " process when taking a prisoner, under sentence, to the place of commitment.

The construction given to an act by the Department charged with the duty of enforcing it is material only in case of doubt.

THIS was a petition to recover for services as marshal of the United States for the Southern District of Illinois in executing certain warrants of commitment of prisoners to the penitentiary at Chester, Illinois. The claims were for travel fees in the service of the warrants, and were disallowed by the comptroller upon the ground that a claim for mileage had

already been allowed for as " transportation " for the deputies who executed the writs. The fifth finding of fact was that " prior to or about the first of October, 1885, it had been the usual practice of United States marshals to charge mileage in their accounts for going to serve writs of commitment within their respective districts, six cents a mile each, in addition to ten cents a mile each, for transportation of themselves or deputies, prisoners and guards; and such charge when made had been allowed by the accounting officers of the Treasury until the date named, when the practice was changed, and such mileage was thereafter not allowed."

Upon this state of facts the court found, as a conclusion of law that petitioner was entitled to recover the sum of $128.16. 25 Ct. Cl. 68. The United States appealed.

*Mr. Solicitor General* for appellants.

*Mr. George A. King* for appellee.

Mr. Justice Brown, after stating the case, delivered the opinion of the court

This is a claim by a marshal for travel fees in serving warrants of commitment to a penitentiary. The claim is made under that clause of Rev. Stat. § 829, which allows " for travel, in going only, to serve any process, warrant, attachment or other writ, including writs of subpœna in civil or criminal cases, six cents a mile, to be computed from the place where the process is returned to the place of service, or when more than one person is served therewith, to the place of service which is most remote, adding thereto the extra travel which is necessary to serve it on the others." An allowance had already been made to petitioner under another clause of § 829, " for transporting criminals, ten cents a mile for himself and for each prisoner and necessary guard." The effect of the allowance would be to give the marshal sixteen cents per mile for his own travel for going from the place where the court is held to the penitentiary.

The delivery of a warrant of commitment to a warden of a penitentiary is in no sense a service of a process, warrant, attachment or other writ, within the meaning of the clause first above cited. The word "process," as used in that clause, evidently refers to process for bringing persons or property within the jurisdiction of the court, and not to warrants of commitment, by virtue of which criminals are transported from the court to the place of commitment. This is evident not only from the inclusion of "writs of subpœna in criminal or civil cases," but from the provision that "where more than one person is served therewith," travel is allowed "to the place. of service which is most remote, adding thereto the extra travel, which is necessary to serve it on the others." If a warrant of commitment can be said to be *served* at all upon any person, it is upon the criminal himself, who is transported by authority of such process, rather than upon the jailer, with whom it is simply deposited, and the fees of the marshal therefor are manifestly covered by the allowance for the travel of himself, his prisoners, and guards. Not only does the transportation of a prisoner imply a travel in company with him, but section 829 expressly allows a fee of fifty cents for "every commitment . . . of a prisoner," which implies the deposit of a warrant of commitment with the jailer. In some jurisdictions the prisoner is committed and held under a certified copy of the sentence, and no commitment at all is used.

This·question was not involved in the decision of this court, or of the court below, in the case of *United States* v. *Harmon*, 147 U. S. 268; 43 Fed. Rep. 560.

If it were a question of doubt, the construction given to this clause prior to October, 1885, might be decisive; but, as it is clear to us that·this construction was erroneous, we think it is not too late to overrule it. *United States* v. *Graham*, 110 U. S. 219; *Swift Co.* v. *United States*, 105 U. S. 691. It is only in cases of doubt that the construction given to an act by the department charged with the duty of enforcing it becomes material.

The judgment of the court below must, therefore, be
*Reversed. with directions to dismiss the petition.*