## UNITED STATES *v.* BAIRD.

### APPEAL FROM THE COURT OF CLAIMS.

No. 963. Submitted October 20, 1893. — Decided October 30, 1893.

A marshal of the United States is not entitled to commissions on disbursements for the support of a penitentiary, made under Rev. Stat. § 1892.

THIS was a petition by the marshal of the United States for the Territory of Idaho for fees earned in executing warrants of commitment of certain prisoners to the penitentiary at Boisé City, and also for commissions upon disbursements for

the support of such penitentiary. In connection with the latter claim the court made the following findings of fact:

"IV. He also, as such marshal, disbursed the sum of fifty-four thousand four hundred and twenty dollars and fifteen cents, ($54,420.15,) funds of the United States, for the use of the penitentiary of said Territory. For such penitentiary disbursements he claimed a commission at the rate of two per cent, amounting to one thousand and eighty-eight dollars and forty cents, ($1088.40,) and his account for the same was likewise approved by said District Court for the First District of Idaho.

"V. The only reason why no commission was allowed him on such disbursements appears to have been that he was allowed compensation for the services required by section 1893 in the government of such penitentiary, which said compensation was fixed by the Attorney General in accordance with said section at the rate of one thousand two hundred dollars ($1200) a year."

Upon this finding the court rendered judgment in his favor upon the last item for $1088.40, and the United States appealed.

*Mr. Assistant Attorney General Dodge* and *Mr. Charles C. Binney* for appellants.

*Mr. George A. King* for appellee.

Mr. Justice Brown, after stating the case, delivered the opinion of the court.

Plaintiff having withdrawn the claim for mileage in executing warrants of commitment in consequence of the ruling of this court in *United States v. Tanner*, 147 U. S. 661, it only remains to consider his claim for commissions for disbursements for the support of the penitentiary.

This claim is based upon the general fee bill, Rev. Stat. § 829, which allows to the marshal " for disbursing money to jurors and witnesses, and for other expenses, two per centum."

The practice has been to make this allowance for all disbursements made by the marshal in his official capacity.

But by Rev. Stat. § 1892, another anomalous and extraordinary duty is imposed upon certain territorial marshals, *of caring for and controlling* " any penitentiary which has been, or may hereafter be, erected by the United States in an organized Territory," and by section 1893 it is provided as follows: "The Attorney General of the United States shall prescribe all needful rules and regulations for the government of such penitentiary, and the marshal having charge thereof shall cause them to be duly and faithfully executed and obeyed, and the reasonable compensation of the marshal and of his deputies for their services under such regulations shall be fixed by the Attorney General." The compensation of the commissioner for these services was fixed by the Attorney General at $1200 per annum.

It is evident from this statement that petitioner held practically two distinct offices, namely, marshal of the Territory, for which he received the fees of the office, and also keeper or warden of the territorial penitentiary, for which he received a compensation of $1200 per year. There was no necessary connection between these two offices. If the custody of the penitentiary had been by law assigned to a different person, with a salaried compensation, it would never be claimed that he would be entitled to a commission for the money expended for its support. The case is not altered by the fact that the marshal was assigned to this duty. The very language of section 829 indicates that the marshal's commission extends only to disbursements "to jurors and witnesses, and for other expenses," to the definition of which *other* expenses the rule of *ejusdem generis* applies.

Upon the other hand, if "the reasonable compensation of the marshal and of his deputies for their services under such regulations" "for the government of such penitentiary" did not extend to his services in paying the bills of the penitentiary, it is difficult to see what is meant by the statute. The duties of the marshal are those of supervision, of hiring guards, feeding and clothing prisoners, and supplying the prison with

fuel, lights, and furniture, and paying for the same, and it is impossible to make a distinction between these classes of services. Payment is a necessary incident to hiring and purchasing, and one is as much a service under the regulations for the government of the penitentiary as the other.

The judgment of the court below must be

*Reversed, and the case remanded with directions to dismiss the petition.*