Peelle, J.,
delivered tbe opinion of tbe court:
Tbe claimant was marshal of tbe United States for tbe western district of Arkansas from May 29,1889, to March 3, 1893, during which time be performed tbe travel in serving writs for which be now seeks to recover mileage.
Such mileage was not included or charged in any account presented by tbe claimant for services as marshal for tbe reason that during bis term of office tbe accounting officers were not allowing for such service.
His accounts for other services performed during tbe same period, including those for serving warrants of commitment, were presented and settled, and tbe balances found due were paid to him, and be accepted tbe same without objection and without any reservation or notice to tbe accounting officers that be claimed or intended to claim for serving such writs, and no claim was made therefor until and except by tbe bringing of this action.
Also, during tbe claimant’s term of office, being tbe period covered by such travel, tbe accounting officers, in tbe settlement of bis accounts for such other services, credited him in tbe aggregate with $8,110 for tbe service of 4,405 warrants of commitment, which sum was paid to him prior to tbe decision in the case of The United States v. Tanner (147 U. S., 661), and tbe defendants ask that said sum be set off against so much of tbe amount found due tbe claimant.
There is no controversy about tbe amount of tbe claimant’s demand as set forth in tbe findings, and since tbe decision in tbe cases of The United States v. Harmon and Fletcher v. The United States (147 U. S., 268, 664) there can be no controversy about tbe claimant’s right to recover therefor unless be is estopped from asserting such claim by reason of bis omission to include such mileage in bis accounts so settled.
If tbe claim on which be now seeks to recover bad been one that tbe accounting officers were allowing during tbe period bis other accounts were settled, it might be said with more reason that bis failure to present the same was a waiver by him of bis right thereto ; but bis omission to preseut such claim, tbe findings show, was because “claims for such services were not then being allowed by tbe accounting officers;” hence it is reasonable to presume that bis omission to present such claim *374 was not of bis own choice, but was induced by the action of the accounting officers in refusing to allow such claims.
True, he might have presented the account notwithstanding their refusal theretofore to allow such claims, but he chose not to do what evidently seemed to him at the time a useless thing; hence we conclude that the claimant’s omission to present such claim, whether justifiable on his part or not, was in part at least the result of the action of the accounting officers in refusing to allow such claims, which action he at the time doubtless acquiesced in as the law; but when the decisions in the cases of United States v. Harmon and Fletcher v. The United States (147 U. S., 268, 664) were announced he saw that he had been mistaken as to his legal rights; hence this suit.
Without considering the authorities, some of which have been cited by claimant’s counsel, in respect to the right of a claimant to maintain an action in this court on items of account which were not presented along with other accounts to the accounting officers, we are of the opinion that the claimant in this case has done no act which estops him from maintaining this suit, and there being no controversy as to the amount due him, he is entitled to recover $13,449.12, less any set-off hereinafter stated.
Now, does this suit have the effect to open up the settlements thus made, so that the court can go behind the same to reexamine the question presented by the defendant’s plea of set-off %
In the McElrath Case (102 U. S., 426-441), while the Attorney-General contended that “the right of the Government to reclaim money paid out of the Treasury under a mere mistake of law is not subject to the same limitations which under like circumstances would be applied between individuals,” the court did not consider the question for the reason that “upon receiving the amount awarded him by the representatives of the Government he distinctly announced his purpose not to abide by their settlement of his account, but, in disregard thereof, to demand an additional sum,” etc.
And the court held that “ the suit itself invites the court to go behind that settlement, to reexamine all the questions arising out of the appellant’s claim for full pay and allowances, and to correct the error which he insists was committed to his prejudice by the accounting officers of the Government.”
*375 Now, tbe difference between that case and tbe one at bar is that there all tbe claimant’s items of account were before tbe accounting officers and passed upon, while here tbe items for which be now seeks pay were not presented with bis other items of account, which accrued during the same period, and therefore no protest was made to the accounting officers before or at the time of receiving the amount of the award in his favor.
Had these omitted items been included in his account and disallowed by the accounting officers, the case would come substantially within the decision in the McElrath Case (supra), i. e., “the suit itself” would have the effect to open up his accounts thus passed upon by the accounting officers for reexamination on all questions arising out of the claim.
The claimant contends that the settlement made comes within the decision in the Hillborn Case (27 C. Cls. R., 547), which followed the opinion of Attorney-General Cushing (6 Op., 568).
But in that case the findings show that the accounts had been forwarded to the Treasury Department and passed upon by the accounting officers by allowing the accounts in part, while in the case at bar the accounts were never presented to the accounting officers, and the defendants had no notice thereof until the bringing of this suit.
This, we think, is an important distinction, for, as said in the Hillborn Case (supra), “When money is paid, after careful consideration of the law and facts, by such high officials and upon settlements made by the accounting officers, it can not be said that the district attorney received the money under such circumstances that in equity and good conscience he ought not to retain it,” etc.
It was on this ground the court held that the settlements were equally binding upon the defendants and that money paid thereon could not be recovered back on a counterclaim.
But where a part of a claim, which accrued to an officer during the same period in which his settled accounts accrued, is withheld from the accounting officers for any reason, it can not be said that such settlements have been made “after careful consideration of the law and facts;” and when such withheld claim is asserted by suit, as in the case at bar, we think it should be subject to a reopening and revision of his previously settled accounts covering the same period.
*376 In the case of The United States v. Burchard (125 U. S., 176, 180), where a retired officer of the Navy was allowed more pay than the law entitled him to, the court held that “overpayments made at one time by mistake could be corrected and properly charged against credits coming in afterwards. ’His pay was fixed by law, and the disbursing officers of the Department had no authority to allow him any more. If they did, it was in violation of the law, and he has no right to keep what he thus obtained.”
And farther' along, on page 181, the court say: “ This is a case where the disbursing officers, supposing that a retired officer of the Navy was entitled to more than it turns out the law allowed, have overpaid him.”
True, in this case the court say that “ in reality the account had never been closed, and was always open to adjustment.”
This is presumably because he was an officer on fixed pay. The suit was brought to recover three-fourths of the sea pay of a retired officer of his rank from April 1, 1878, while the Government set up by way of counterclaim that he had been overpaid prior to that date. The right of the Government, however, to maintain its plea of counterclaim does not appear to be based on the fact of the account remaining open, but rather because of the mistake of the disbursing officer in allowing him more pay than in law he was entitled to.
True, the court say, as they did in the McElrath Case (supra), that it was unnecessary to pass upon the question as to “ whether the Government can in any case be precluded from reclaiming money which has been paid by its disbursing and accounting officers under a mistake of law.”
It is difficult to draw the distinction between that case and the case at bar. Both payments were made without authority of law or upon an erroneous construction of the law. There is, however, this distinction that in this case the officer was entitled to part of the money he received, while in the case at bar the claimant was not entitled to any part of the award on the items for service of warrants of commitment; and this, it seems to us, makes the case at bar the stronger one of the two in respect to the right of the Government to maintain its plea of set-off.
The claimant’s omission to present to the accounting officers for their actkm, along with his other contemporaneous accounts, *377 the claim be now asserts, tbe Government could have had no notice thereof, as notice of such claims is communicated to the Government by being presented to the accounting officers for their action, and his failure so to do might perhaps have the effect to keep his other contemporaneous accounts so settled open until such omitted claim was presented and passed upon or until barred by the statute of limitation.
And when suit is brought on such omitted account, without the same having been presented to the accounting officers, the Government has notice for the first time that the claimant is asserting such claim and that the settlement made was only in part of his contemporaneous accounts; so that if his omission to present such claim has not the effect to keep such accounts open as stated, we think the suit has the effect to open the account for reexamination and to permit the Government to maintain its plea of set-off, to the end that the mistake made may be corrected and justice, measured by the law, meted out to both parties.
The claimant, as well as the defendants, is seeking to recover under decisions of the Supreme Court announced subsequently to the claimant’s omission to file the claim he now asserts, and the action of the accounting officers in settling those filed, so that it seems to us no wrong or injustice will be done either party in maintaining the plea of set-off.
Whether the judgment herein rendered will exceed the maximum compensation of the claimant is, as was said in the case of The United States v. Harmon (supra), “ a matter which still remains open for adjustment at the Treasury Department.”
For the reasons stated, we entertain the defendants’ plea of set-off, and there being no controversy as to the amount claimed under the decision in the case of The United States v. Tanner (147 U. S., 661), they are entitled to recover thereon the sum of $8,110, which is hereby ordered set off against so much of the sum of $13,449.12 found due the claimant, leaving the sum of $5,339.12 in the claimant’s favor, for which judgment will be entered.
Nott and Davis, J. J., were not present when this case was tried, and took no part in the decision.