Peelle, J.,
delivered tbe opinion of tbe court:
Judgment was heretofore rendered in this case for $5,339.12, but by reason of an error in the finding that tbe amount of tbe counterclaim was $8,110, when it should have been $8,810 (see opinion 30 C. Cls. R., 370), tbe defendants filed a motion to correct tbe findings and tbe judgment, and the claimant, treating tbe motion as equivalent to a motion for a new trial, consented in open court that a new trial might be granted, to which tbe defendants made no objection, and a new trial was allowed.
Tbe case is now before us, therefore, on tbe new trial, and has been ably argued on both sides.
Tbe claimant contends that tbe counterclaim can not be maintained unless tbe defendants could have obtained affirmative relief against tbe claimant in a separate cause of action, and cites authorities in support of that contention; but conceding that tbe defendants could not have maintained a separate cause of action to recover tbe amount, claimed here on tbe counterclaim, it does not follow that tbe counterclaim may not be maintained in this action.
If tbe claimant by tbe bringing of this suit challenges tbe correctness of tbe settlement of bis accounts for services rendered during bis term of office, then tbe suit has tbe effect to open up bis settled accounts and is an invitation to tbe court to go behind such settlements to reexamine tbe questions arising out of tbe claimant’s demand for services performed during the same period in which bis settled accounts arose. (McElrath Case, 102 U. S., 426, 441; Burchard Case, 125 id., 176, 180.)
Revised Statutes, section 833, provides among other things that a “marshal shall, on tbe first days of January and July, in each year, or within thirty days thereafter, make to tbe .Attorney-General, in such form as be may prescribe, a .written return for tbe half year ending on said days, respectively, of *297 all tlie fees and emoluments of his office, of every name and character, and of all the necessary expenses of his office, ini luding necessary clerk hire,” * * * “ and every marshal shall state separately therein the fees and emoluments received or payable for services rendered by himself personally, those received or payable for services rendered by each of his deputies, naming him, and the proportion of such fees 'and emoluments which, by the terms of his service, each deputy is to receive. Such returns shall be verified by the oath of the officers making them.”
Here, it will be observed, the claimant-was required to state in his semiannual returns to the Attorney-General “ all the fees and emoluments of his office of every name and character and of all the necessary expenses of his office,” stating separately “ the fees and emoluments received or payable for services rendered by himself personally” and u those received or payable for services rendered by each of his deputies,” etc.
Did this statute impose upon the claimant the duty of making returns of fees for services which were not being allowed by the accounting officers during his term of office; and if so, does his failure to so present his accounts estop him from asserting his right thereto in this action?
The court in its former opinion on this point said:
“If the claim on which he now seeks to recover had been one that the accounting officers were allowing during the period his other accounts were settled, it might be said with more reason that his failure to present the same was a waiver by him of his right thereto; but his omission to present such claim, the findings show, was because ‘ claims for such services were not then .being allowed by the accounting officers; ’ hence it is reasonable to presume that his omission to present such claim was not of his own choice, but was induced by the action of the accounting officers in refusing to allow such claims.
“ True, he might have presented the account notwithstanding their refusal theretofore to allow such claims, but he chose not to do what evidently seemed to him at the time a useless thing; hence we conclude that the claimant’s omission to present such claim, whether justifiable on his part or not, was in part at least the result of the action of the accounting officers in refusing to allow such claims, which action he at the time doubtless acquiesced in as the law; but when the decisions in the cases of United States v. Harmon and Fletcher v. The United States (147 U. S., 268, 664) were announced he saw that he had been mistaken as to his legal rights; hence this suit.
*298 “Without considering the authorities, some of Avhich have been cited by claimant’s counsei, in respect to the right of a claimant to maintain an action in this court on items of account which were not presented along with other accounts to-the accounting officers, we are of the opinion that the claimant in this case has done no act which estops him from maintaining this suit.”
The court adheres to what is there said and for the additional reason that if such withheld accounts had been presented and disallowed the claimant would have the right to maintain an action in this court, if not otherwise barred, on such disallowed claims. But having brought suit on accounts which he never presented to the accounting officers, though accruing contemporaneously with other accounts which were presented and settled, he can claim no advantage by reason of his own neglect to present such accounts.
By Ms suit he brings to the attention of the defendants for the first time that his accounts for services as marshal were only partially settled by the accounting officers; and relying upon the decisions in the cases of The United States v. Harmon and Fletcher v. The United States (147 U. S., 268, 664), which were rendered after the claimant had neglected or omitted to present his account, he seeks to recover on such omitted accounts, but denies the defendants’ right to recover on the counterclaim under the decision in the case of The United States v. Tanner (147 id., 661), which was rendered after the settlement of his accounts and after the claimant was paid the amount represented by such counterclaim.
In other words, if the claimant had presented a claim for all his fees, including those he now seeks to recover for, his entire account would have been settled, i. e., those which he now seeks to recover would have been disallowed, while those out of which the. counterclaim grows would have been, as they were, allowed and paid. That being true, the settlements we may presume would have been acquiesced in but for the decisions referred to.
Therefore, when the claimant, relying upon the Harmon-Fletcher cases (supra), seeks to recover on accounts disallowed or withheld, he thereby challenges the correctness of the settlements made and invites the court to go behind the same to correct any error of law or fact which such decisions disclose was made for and against him in the settlement of his accounts.
*299 This was the view of the court on the former trial.
The theory of the claimant is that the money paid to the claimant on the accounts settled is a finality and binding on the court as well as on the Department; that the payment, if a mistake, is one of law, and that the general rule, applicable as between individuals, that money paid in mistake of law can not be recovered, applies equally as between the Government and an individual.
Although the defendants’ counsel stoutly controvert the application of his principle of law as between the United States and an individual, we have not deemed it necessary to consider the question in this case, for the reasons we have stated.
Whether the judgment herein rendered will exceed the maximum compensation of the claimant is “a matter which still remains open for adjustment at the Treasury Department,” as was held in the case of The United States v. Harmon (supra).
The court by its findings and judgment holds that the claimant is entitled to recover for the travel in the service of the writs set forth in finding ti, and that the defendants are entitled to recover on their counterclaim, set forth in finding Vi, for the money paid the claimant for the service of warrants of commitment, which is ordered set off against so much of the amount found due the claimant, rendering judgment on the whole case for the residue of the amount due the claimant, subject to adjustment in the Treasury Department under the decision in the Harmon Case, as before stated.