## HURWITZ v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit, April 14, 1922.)

No. 5917.

1. Poisons ⊂⊃2—Rule of Commissioner of Internal Revenue, defining when physician is in personal attendance upon patients, held void.

Rule promulgated by the Commissioner of Internal Revenue under Harrison Anti-Narcotic Act, § 1, as amended by Act Feb. 24, 1919, § 1006 (Comp. St. Ann. Supp. 1919, § 6287g), requiring a physician to be in personal attendance on patient "away from his office" to come within section 2a, requiring a physician, dentist, or veterinary surgeon to keep record of

⊂⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

drugs dispensed or distributed, "except such as may be dispensed or distributed to a patient upon whom such physician, dentist, or veterinary surgeon shall personally attend," *held* void; such rule being contrary to the unambiguous language of the act, and not being necessary to the enforcement of the act.

**2. Constitutional law** ⊜⇒62—**Congress cannot delegate legislative power to an executive officer.**

Congress cannot delegate legislative power to an executive officer.

In Error to the District Court of the United States for the Western District of Missouri; Arba S. Van Valkenburgh, Judge.

Leon Hurwitz was convicted of selling opium without having registered as a dealer therein, and he brings error. Reversed, and new trial granted.

R. H. Davis, of Joplin, Mo. (Owen & Davis, of Joplin, Mo., on the brief), for plaintiff in error.

W. H. Hallett, Sp. Asst. U. S. Atty., of Nevada, Mo. (Charles C. Madison, U. S. Atty., of Kansas City, Mo., on the brief), for the United States.

Before CARLAND and STONE, Circuit Judges, and TRIEBER, District Judge.

CARLAND, Circuit Judge. Plaintiff in error, hereafter called defendant, was convicted upon the third count of an indictment which reads as follows:

"And the grand jurors aforesaid, on their oaths aforesaid, do further present and charge that on or about the 24th day of July, 1920, at Joplin, Jasper county, Missouri, in the said division and district and within the jurisdiction of this court one Leon Hurwitz, being then and there a dealer in opium and its derivatives and coca leaves and their derivatives, and being a person required by the laws of the United States of America to register as such dealer in the Sixth internal revenue collection district of Missouri, did then and there, unlawfully, willfully, knowingly, and feloniously sell to one Elenor Zedeker, a certain quantity of a derivative of opium, to wit, about one ounce of morphine without having registered as a dealer in such derivatives of opium and coca leaves his name or style and place of business with said collector of internal revenue of the United States for the Sixth internal revenue collection district of Missouri, and without having paid to said collector the special tax as such dealer in said derivatives of opium and coca leaves as required by the laws of the United States of America, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the United States of America."

The defendant claimed as a defense to the charge against him that he had a right to do what he testified he did do as a practicing physician. The evidence showed that he was a practicing physician and duly licensed to dispense opium, etc., by the United States revenue collector for the district in which he resided. Section 2a of the Harrison Anti-Narcotic Act (Comp. St. § 6287h) reads as follows:

"Nothing contained in this section shall apply—(a) To the dispensing or distribution of any of the aforesaid drugs to a patient by a physician, dentist, or veterinary surgeon registered under this act in the course of his professional practice only: Provided, that such physician, dentist, or veterinary surgeon shall keep a record of all such drugs dispensed or distributed showing the amount dispensed or distributed, the date, and the name and address of the

⊜⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

patient to whom such drugs are dispensed or distributed, except such as may be dispensed or distributed to a patient upon whom such physician, dentist or veterinary surgeon shall personally attend."

Under the authority conferred by section 1 of the act, as amended February 24, 1919 (section 6287g, Comp. St. Ann. Supp. 1919), the Commissioner of Internal Revenue promulgated the following rule:

"*Dispensing by Practitioners.*—Practitioners are permitted to dispense narcotic drugs to bona fide patients, pursuant to the legitimate practice of their professions, without prescriptions or order forms. However, a record of drugs so dispensed must be kept, except when the practitioner is in personal attendance upon the patient. A practitioner is not regarded as in personal attendance upon a patient, within the intent of the statute, unless he is in personal attendance upon such patient away from his office."

The trial court in its charge to the jury said:

"A physician is not in personal attendance unless he is in personal attendance upon such patient away from his office."

[1, 2] The evidence showed that what the defendant did was at his office. We presume the court took the language used from the rule above mentioned. This language of the court was excepted to by the defendant before the jury retired, and we are of the opinion that error was committed by the court in giving such language. The power of the Commissioner of Internal Revenue, with the approval of the Secretary of the Treasury, to make all needful rules and regulations for carrying the provisions of the Narcotic Act into effect, did not confer the power to say that a physician could not personally attend a patient at his office. The enforcement of the act did not require any such rule, and it is contrary to the language of the act itself, which is plain and unambiguous, and says nothing about where the patient shall be when personally attended. U. S. v. Alger, 152 U. S. loc. cit. 397, 14 Sup. Ct. 635, 38 L. Ed. 488; Swift v. U. S., 105 U. S. 691, loc. cit. 697, 26 L. Ed. 1108; U. S. v. Graham, 110 U. S. 219, 3 Sup. Ct. 582, 28 L. Ed. 126; U. S. v. Tanner, 147 U. S. 661, 13 Sup. Ct. 436, 37 L. Ed. 321. If Congress had intended to exclude personal attendance at office, it would have said so. U. S. v. Eaton, 144 U. S. 677, 12 Sup. Ct. 764, 36 L. Ed. 591; U. S. v. Wilson (D. C.) 225 Fed. 82. Compare U. S. v. Grimaud, 220 U. S. 506, 31 Sup. Ct. 480, 55 L. Ed. 563. The fact of omission is strong evidence that it did not intend to say so. U. S. v. Railroad Co., 157 Fed. 321, 85 C. C. A. 27, 15 L. R. A. (N. S.) 167, 13 Ann. Cas. 893. Congress cannot delegate legislative power to an executive officer. Field v. Clark, 143 U. S. 649, 12 Sup. Ct. 495, 36 L. Ed. 294; Morrill v. Jones, 106 U. S. 466, 1 Sup. Ct. 423, 27 L. Ed. 267; U. S. v. Eaton, supra.

In regard to the issues before the jury, the trial court also said in its charge:

"If there is any misapprehension on the part of the jury, the court will say that what is meant is that the defense is that he had a right to do what he did as a physician. If he did not have a right to do what he did as a physician, then he comes in the category of dealer, and sells without license or authority, because he is not registered as such."

Judgment reversed, and a new trial granted.