**BURNET, Commissioner of Internal Revenue, v. MARSTON.**

**No. 5352.**

Court of Appeals of the District of Columbia.

Argued Feb. 8, 1932.

Decided March 14, 1932.

Sewall Key, C. M. Charest, and F. M. Thompson, all of Washington, D. C., G. A. Youngquist, Asst. Atty. Gen., and J. P. Jackson, of Washington, D. C., for appellant.

Robert E. Kline, Jr., of Washington, D. C., and Charles T. Cowenhoven, Jr., and H. Maurice Fridlund, both of New York City, for appellee.

Before MARTIN, Chief Justice, and ROBB and GRONER, Associate Justices.

ROBB, Associate Justice.

Appeal from a decision of the Board of Tax Appeals involving income taxes for the year 1923 in the sum of $30,994.20. 18 B. T. A. 558.

The facts are not in dispute. From 1893 until its dissolution in 1920 the taxpayer was a member of the firm of Blair & Co., of New York City, a partnership engaged in the business of investment banking, which organized and financed many businesses, including railroads, manufacturing and mining companies. In 1920 the partnership was dissolved, and the partners commenced liquidating the firm's outstanding liabilities, which totaled about $3,750,000. In 1922 the taxpayer made payments aggregating $725,473.99 on account of losses sustained by the firm. His gross income during that year was $633,371.47, leaving a net business loss for 1922 of $92,102.52.

The Commissioner of Internal Revenue refused to allow any part of this net loss for 1922 as a deduction against the taxpayer's income for 1923. On appeal to the Board, the decision was reversed.

The pertinent provisions of the Revenue Act of 1921 (chapter 136, 42 Stat. 227) are as follows:

"Sec. 204. (a) That as used in this section the term 'net loss' means only net losses resulting from the operation of any trade or business regularly carried on by the taxpayer. * * * (b) If for any taxable year beginning after December 31, 1920, it appears upon the production of evidence satisfactory to the Commissioner that any taxpayer has sustained a net loss, the amount thereof shall be deducted from the net income of the taxpayer for the succeeding taxable year; and if such net loss is in excess of the net income for such succeeding taxable year, the amount of such excess shall be allowed as a deduction in computing the net income for

the next succeeding taxable year; the deduction in all cases to be made under regulations prescribed by the Commissioner with the approval of the Secretary. (c) The benefit of this section shall be allowed to the members of a partnership. * * *

"Sec. 218. (a) That individuals carrying on business in partnership shall be liable for income tax only in their individual capacity. * * *"

Art. 1601, of Treasury Regulations 62, promulgated under the 1921 act, reads in part as follows: "Net losses, definition and computation. The term 'net loss' as used in the statute (section 204) means only a net loss resulting from the operation during the taxable year of any trade or business regularly carried on by the taxpayer. * * *"

It will be observed that this regulation is in the language of the statute, except that the words "during the taxable year" have been interpolated.

The Commissioner contends that section 204 limits the right to carry over net losses into succeeding years to taxpayers regularly engaged in a trade or business during the taxable year in which the loss was liquidated. He does not deny that the taxpayer in the present case suffered a loss as claimed; nor does he deny that the taxpayer's liability had become fixed in 1920 at the time of the dissolution of the partnership. On the other hand, the taxpayer contends, and the Board ruled, that under section 204 it is sufficient if the loss resulted from the operation of the trade or business, whether the taxpayer was so engaged during a particular year or not.

▆▆▆ Section 204, being a relief measure, should "be construed liberally in favor of the taxpayers to give the relief it was intended to provide." Bonwit Teller & Co. v. United States, 283 U. S. 258, 263, 51 S. Ct. 395, 397, 75 L. Ed. 1018; United States v. Merriam, 263 U. S. 179, 187, 44 S. Ct. 69, 68 L. Ed. 240, 29 A. L. R. 1547; Bowers v. N. Y. & Albany Lighterage Co., 273 U. S. 346, 350, 47 S. Ct. 389, 71 L. Ed. 676; United States v. Updike, 281 U. S. 489, 496, 50 S. Ct. 367, 74 L. Ed. 984; Burnet v. Niagara Brewing Co., 282 U. S. 648, 654, 51 S. Ct. 262, 75 L. Ed. 594. While the Commissioner was clothed with authority to promulgate regulations, he was not authorized to add to or take from the plain language of the statute, for, "where the intent is plain, nothing is left to construction." United States v. Fisher, 2 Cranch, 358, 386, 2 L. Ed. 304. A regulation in conflict with the terms of an unambiguous statute will not be sustained. Campbell v. Galeno Chemical Co., 281 U. S. 599, 610, 50 S. Ct. 412, 74 L. Ed. 1063. "It is only in cases of doubt that the construction given to an act by the department charged with the duty of enforcing it becomes material." United States v. Tanner, 147 U. S. 661, 663, 13 S. Ct. 436, 437, 37 L. Ed. 321. Where a statute is clear and free from all ambiguity, the letter of it is not to be disregarded in favor of a mere presumption as to what is the policy of the government, even though it may be the settled practice of an executive department. St. Paul, M. & M. R. Co. v. Phelps, 137 U. S. 528, 11 S. Ct. 168, 34 L. Ed. 767.

Section 204 of the act of 1921 was intended to permit taxpayers who sustained large losses in one year to spread those losses over two succeeding years, provided only that the losses resulted from the operation of a trade or business regularly carried on by the taxpayer. That the taxpayer's loss in the present case resulted from the operation of a trade or business regularly carried on by Blair & Co. is conceded. The mere fact that he paid that loss in 1922 instead of in 1920 did not deprive him of the benefit of section 204. Had Congress so intended, the words, "during the taxable year," supplied by the Commissioner in his regulation, would have been incorporated into the statute.

Decision affirmed.

Affirmed.