## QUEEN CITY WOODWORKS & LUMBER CO. v. CROOKS, Collector of Internal Revenue.

### No. 583.

District Court, S. D. Missouri, W. D.
March 31, 1934.

Charles L. Henson, of Springfield, Mo., for plaintiff.

Wm. L. Vandeventer, U. S. Dist. Atty., of Springfield, Mo., for defendant.

REEVES, District Judge.

This is a suit for the recovery of an income tax paid for the calendar year 1928. The amount was $5,053.87. The net income returned by the plaintiff for the year was $42,115.58. The closing inventory for the year was $163,129.08. In the suit, plaintiff says that this was an error, as the closing inventory should have been $123,019.50. It asserts that it was entitled to a deduction of $40,109.58. This deduction is claimed because it inventoried certain articles of merchandise at the cost price of $57,155.83, whereas the actual market value at the time was only $17,046.25. It is averred by the plaintiff in its petition that such articles of merchandise were obsolete and unsalable.

Defendant denies this, and says, moreover, that the plaintiff is estopped to claim such credit for the reason that the inventory was made up and filed on March 15, 1929, and that plaintiff ought not now to be heard to assert that such merchandise was unsalable and obsolete as of December 31, 1928.

The merchandise in question involved equipment and devices for magnetic radios. According to the evidence, the dynamic radio devices and equipment were recognized as far more efficient by the buying public late in the year 1928, and that thenceforward there were practically no demands for the magnetic radio. Such demands as were made for the magnetic device arose in those remote communities where the public was not yet apprised of the more efficient character of the dynamic radio.

The plaintiff, as a manufacturer of the equipment for the magnetic devices, did not appreciate the transition and the supersession of the dynamic radio until early in the year 1929. Accordingly, it reported its merchandise on hand at cost, and carried same at that figure in its closing inventory.

The testimony was overwhelming that at December 31, 1928, the magnetic device was obsolete, although there were sporadic sales arising from occasional demands. Many of these sales were canceled or rescinded. Counsel for the government do not deny that the merchandise was obsolescent, but the contention is that the obsolescence was not readily predictable at the time the closing inventory was made up. Moreover, counsel assert that under a regulation promulgated by the Commissioner of Internal Revenue, a correct inventory was determinable from a "bona fide selling price," which "means actual offering of goods during a period ending not later than 30 days after inventory date." This regulation does not contemplate complete obsolescence, but that there will continue to exist a demand for the goods.

In the instant case the testimony showed complete obsolescence, but under circumstances not readily or immediately discoverable. It was discovered later. To enforce this regulation strictly would be unjust to the taxpayer if its goods were in fact worthless. There would be no demand for an obsolete device. Market value could not be indicated because there was no "actual offering of goods during a period ending not later than 30 days after inventory date." It required an unavailing effort to sell and extensive inquiry on the part of the plaintiff to ascertain that its merchandise was in fact obsolete. The government could not fairly accept the tax and retain it, merely because plaintiff could not comply literally with the regulations prescribed by the Internal Revenue Commissioner. Particularly is this true if it appeared by proof that the merchandise was worthless as a manufactured article.

Under the authorities the plaintiff would be entitled to correct its mistake, as its income should not be either increased or diminished by artificial or arbitrary methods. In re Harrington (D. C.) 1 F.(2d) 749; Morrow, Becker & Ewing, Inc. v. Commissioner of Internal Revenue (C. C. A.) 57 F.(2d) 1.

In the case of Lucker v. United States, 53 F.(2d) 418, 423, the Court of Claims upheld the right of the taxpayer "to reduce the inventory shown in the return and determined by the Commissioner on account of worthless and unsalable phonograph records included therein at factory cost." The court said: "While subsequent events are not determinative of a fact on a given date prior thereto, that which occurred in this case subsequent to December 31, 1920, confirms what would have been a reasonable expectation at

686

that time as to future disposition of abnormal supplies of old records on hand."

In the instant case the testimony showed that the magnetic radio equipment was obsolete in the fall of 1928. Subsequent developments confirm what may have been reasonably expected on December 31, 1928. The plaintiff ought not to be penalized because it mistakenly inventories its merchandise at cost. As stated in the Lucker Case, "Taxation is eminently practical, and we think this is particularly true as to inventories which need only conform to the 'best accounting practice in the trade or business and as most clearly reflect the income.' Not only do we think good accounting practice would require the exclusion of the entire stock of worthless records, but also that a closing inventory at December 31, 1920, which included these records at any value to the plaintiff, would result in income not being clearly reflected."

█ If the plaintiff were required to pay an income tax upon the closing inventory returned by it, the tax would not be upon a true income, for the reason that the closing inventory did not reflect its true income. The regulation promulgated by the Commissioner must not be contrary to the law (Burnet v. Marston, 61 App. D. C. 91, 57 F.(2d) 611), the object of which is to require the taxpayer to reflect in the return its true income.

Paragraph (c), of section 22 of the Revenue Act of 1928, relating to the subject of Inventories, section 2022 (c), title 26, U. S. C. Supp. II (26 USCA § 2022 (c), is as follows: "Whenever in the opinion of the Commissioner the use of inventories is necessary in order clearly to determine the income of any taxpayer, inventories shall be taken by such taxpayer upon such basis as the Commissioner, with the approval of the Secretary, may prescribe as conforming as nearly as may be to the best accounting practice in the trade or business and as most clearly reflecting the income."

This expresses the purpose of the Congress to obtain such an inventory "as most clearly reflecting the income." It was not the object of the law to tax an income artificially or arbitrarily determined. The Commissioner, therefore, could not promulgate a rule so harsh as to compel the payment of a tax upon an income not clearly or fairly reflected. In the case at bar, the plaintiff was clearly entitled to a reduction of its inventory. Its closing inventory as returned for taxation purposes was made up as a result of a misapprehension of the facts. These facts existed and were readily ascertainable at the time, but were not ascertained and confirmed until after the tax had been paid upon the basis of an erroneous inventory. The plaintiff should therefore be reimbursed for the tax thus paid by mistake.

█ It is true that there was evidence on behalf of the collector that the sale and even the manufacture of such equipment continued for some time after the first of the year 1929. Nevertheless, it is now a matter of common knowledge that the dynamic radio has completely superseded the magnetic, and that the transition began in the fall of 1928.

The fact that others may have been able to palm off on the public an obsolete article would not warrant a penalty upon plaintiff because it failed or was unable or unwilling to impose its device upon an uninformed and unsuspecting portion of the public.

█ As stated by Mr. Justice Butler in Burnet v. Niagara Brewing Co., 282 U. S. 648, loc. cit. 654, 51 S. Ct. 262, 264, 75 L. Ed. 594: "Clearly the statute contemplates that, where warranted by the facts, the taxpayer shall have the benefit of, and in making his return may deduct in each year, a reasonable allowance to cover obsolescence of the tangible property. * * * It is a familiar rule that tax laws are to be liberally construed in favor of taxpayers."

See, also, United States v. Wagner Electric Mfg. Co. (C. C. A. 8th Cir.) 61 F.(2d) 204.

█ The deduction was proper for the year 1928 for the reason it was then the loss occurred. United States Cartridge Co. v. United States, 284 U. S. 511, loc. cit. 520, 52 S. Ct. 243, 76 L. Ed. 431.

The proof showed some variations from the figures appearing in the allegations of the petition. The correct figures should and will appear in the findings of fact and judgment.

Plaintiff is entitled to recover in accordance with its proof.