**FARM BUREAU MUTUAL INSURANCE COMPANY**

v.

**The UNITED STATES.**

**No. 501–83C.**

United States Claims Court.

May 9, 1984.

William R. Sampson, Wichita, Kan., for plaintiff.

Sharon Y. Eubanks, Washington, D.C., with whom were Asst. Attys. Gen. J. Paul McGrath and David M. Cohen, Washington, D.C., for defendant.

## OPINION

### ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

WHITE, Senior Judge.

The plaintiff, Farm Bureau Mutual Insurance Company, sues to recover from the Government the sum of $34,698.66 allegedly due as indemnification for expenses incurred and payments made in settling claims against a government employee who was insured by the plaintiff.

The complaint was filed on August 3, 1983, and it was amended on March 5, 1984.

On November 2, 1983, the defendant filed a motion to dismiss the complaint on the ground that the court does not have jurisdiction to consider the claim.

The case is before the court on the defendant's motion, the plaintiff's response, filed January 17, 1984, and the defendant's reply, filed February 17, 1984.

As the parties have submitted a number of documents for the consideration of the court in connection with the defendant's motion, the motion will be treated as a motion for summary judgment.

For the reasons stated subsequently in the opinion, it is concluded that the necessary jurisdictional basis for consideration of the claim has not been established, and, accordingly, that the defendant's motion for summary judgment should be granted.

### The Facts

On December 17, 1980, Stanley Eitzen, a government employee with the United States Department of Agriculture, was involved in an automobile accident while driving his own car. Mr. Eitzen, at the time, was acting within the scope of his employment.

As of the date of the accident, Mr. Eitzen was insured by the plaintiff. The insurance policy stated that the plaintiff agreed to pay "damages for which any insured person is legally liable because of bodily injury and property damage arising out of the ownership, maintenance or use of a vehicle or trailer."

The defendant subsequently received claims for bodily injury and property damage that (according to the claimants) were caused by Mr. Eitzen's negligent operation of his motor vehicle. The defendant forwarded the claims to the plaintiff on April 27, 1981.

On May 12, 1981, the plaintiff informed the defendant that its policy did not provide coverage on these claims because the Government, not Mr. Eitzen, was legally liable on the claims. The defendant, though, on May 26, 1981, refused to defend, settle, or pay any of the claims.

The plaintiff, therefore, subsequently defended, settled, and paid the claims for bodily injury and property damage resulting from the accident, in the total amount of $33,751.23. The plaintiff also alleges that it incurred $947.43 in expenses.

On December 30, 1983, Mr. Eitzen assigned to the plaintiff any and all rights he might have against the Government.

The plaintiff's complaint, therefore, seeks indemnification from the Government in the amount of $34,698.66, plus interest in accordance with law.

### Statutory Provisions

The following portion of 28 U.S.C. § 1491(a)(1) (1982) is relevant to the jurisdictional objection raised by the defendant in its motion:

(a)(1) The United States Claims Court shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitu-

-tion, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.  * * *

It is provided in 28 U.S.C. § 2672 (1982) that each federal agency "may consider, ascertain, adjust, determine, compromise, and settle any claim for money damages against the United States for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the agency while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred * * *."

Also, 28 U.S.C. § 1346(b) (1982) authorizes "civil actions on claims against the United States, for money damages, * * * for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

Then, 28 U.S.C. § 2679(b) (1982) provides as follows:

(b) The remedy against the United States provided by sections 1346(b) and 2672 of this title for injury or loss of property or personal injury or death, resulting from the operation by any employee of the Government of any motor vehicle while acting within the scope of his office or employment, shall hereafter be exclusive of any other civil action or proceeding by reason of the same subject matter against the employee or his estate whose act or omission gave rise to the claim.

*Discussion*

■ In responding to the contention in the defendant's motion that the court lacks jurisdiction to consider the plaintiff's claim, the plaintiff indicates that the portion of 28 U.S.C. § 1491(a)(1) granting this court jurisdiction "to render judgment upon any claim against the United States founded * * * upon * * * any Act of Congress" covers the plaintiff's claim.  The plaintiff argues that Mr. Eitzen, as an employee of the Federal Government, was entitled, under 28 U.S.C. § 2679(b), to be defended and indemnified against any liability that might arise out of his operation of an automobile while acting within the scope of his employment; that Mr. Eitzen, after his accident on December 17, 1980, made a timely demand upon the Government that it defend him; that the defendant wrongfully refused to defend Mr. Eitzen; that, because of such refusal, the plaintiff was compelled, as Mr. Eitzen's insurer, to undertake the defense of the claims; that the plaintiff sues in this action to recover the monies which it was compelled to spend because the Government failed to honor the obligation imposed upon it by a statutory provision, 28 U.S.C. § 2679(b); and, therefore, that the claim is founded upon an Act of Congress.

The plaintiff cites several court decisions as supporting the argument that its claim is founded upon an Act of Congress: *i.e., Swift Co. v. United States,* 105 U.S. (15 Otto) 691, 26 L.Ed. 1108 (1882); *Barber v. United States,* 230 Ct.Cl. 287, 676 F.2d 651 (1982); *South Puerto Rico Sugar Company Trade Corp. v. United States,* 167 Ct.Cl. 236, 334 F.2d 622 (1964), *cert. denied,* 379 U.S. 964, 85 S.Ct. 654, 13 L.Ed.2d 558 (1965); *Clapp v. United States,* 127 Ct.Cl. 505, 117 F.Supp. 576, *cert. denied,* 348 U.S. 834, 75 S.Ct. 55, 99 L.Ed. 658 (1954).  Each of these cases, however, either involved a situation where a government agency, purporting to act under the authority of a statute, had compelled *the claimant* to pay *to the Government* money which the claimant was attempting to recover, or a situation where the claimant was asserting that a statute entitled *the claimant* to a financial benefit and the administrative agency had refused to make payment of the amount due, in whole or in

part. The present case does not involve such a situation.

No government agency required the plaintiff to pay to the Government the $34,-698.66 that is involved in the plaintiff's claim, and none of the money ever reached the Government. The compulsion for the payment of the money by the plaintiff came, not from any government agency, but from the contract of insurance between the plaintiff and Mr. Eitzen; and the money was not paid to the Government but, rather, to persons who allegedly suffered bodily injury or property damage as a result of Mr. Eitzen's automobile accident.

Even the cases relied on by the plaintiff indicate that a claimant seeking to invoke this court's jurisdiction "to render judgment upon any claim against the United States founded * * * upon * * * any Act of Congress" must show that the claim is based *directly*—and not merely indirectly—upon a statutory provision. In the present case, there is only an indirect relationship between the plaintiff's claim against the Government and the statutory provision, 28 U.S.C. § 2679(b), on which the plaintiff relies. It is the plaintiff's theory that its insured, Mr. Eitzen, was entitled, as a matter of right under section 2679(b), to have the Government assume the defense of the claims against him which arose out of the automobile accident on December 17, 1980; that the Government failed to discharge its statutory duty to Mr. Eitzen; and that the plaintiff, by taking over the defense and settlement of the claims, thereby succeeded to Mr. Eitzen's right against the Government under section 2679(b). This is not sufficient for jurisdictional purposes, as the plaintiff's claim is not based directly upon section 2679(b), or upon any other federal statute.

■ It should be mentioned that the assignment from Mr. Eitzen to the plaintiff of any and all rights which the former might have against the Government was wholly ineffective. With exceptions not pertinent here, a valid assignment of a claim against the United States can be made only after the claim has been allowed, the amount of the claim has been decided, and a warrant for payment of the claim has been issued. 31 U.S.C. § 3727(b) (1982).

Perhaps it should also be mentioned that, in the original complaint filed by the plaintiff, the cause of action was framed in terms of the existence of an implied contract on which the plaintiff's claim was based. In the plaintiff's response to the pending motion, however, the plaintiff concedes that such a theory is subject to attack on jurisdictional grounds.

For the reasons previously stated, it appears that the court does not have jurisdiction to consider the plaintiff's claim, and, therefore, that the defendant's motion should be granted.

*Conclusion*

It is concluded, upon the basis of the papers submitted to the court by the parties, that there is no genuine issue as to any material fact necessary for the disposition of the case, and that the defendant is entitled to a judgment as a matter of law.

The defendant's motion for summary judgment is granted.

A judgment dismissing the complaint shall be entered in accordance with Rule 58.

IT IS SO ORDERED.