## DEAN LINSEED OIL CO. v. UNITED STATES.

(Circuit Court, E. D. New York. February 16, 1897.)

1. CUSTOMS DUTIES—DRAWBACK—LINSEED OIL CAKE.

Oil cake, made from linseed by the separation thereof into linseed oil and oil cake, is an article of manufacture, and, when made in the United States from imported linseed, is entitled, upon exportation, to the drawback provided by section 22 of the tariff act of 1894 (28 Stat. 551).

2. SAME—AMOUNT OF DRAWBACK.

The amount of drawback payable on the exportation of oil cake made from imported linseed is to be calculated in proportion to the amount of linseed entering into such oil cake, by weight, and not in proportion to the respective values of the oil and oil cake made from the linseed.

3. SAME.

It seems that when, by the treatment of an imported article, a valuable thing is produced, leaving a refuse of no value, no drawback would be allowable, under section 22 of the tariff act of 1894 (28 Stat. 551), upon exportation of such refuse.

Samuel B. Clarke, for plaintiff.

Robert H. Roy, Asst. U. S. Atty., and James Byrne, for the United States.

WHEELER, District Judge. This suit is brought upon section 3 of the act of 1887 (24 Stat. 505). Pursuant to that statute (section 7), the court finds that on December 3, 1894, the plaintiff imported 11,944 bushels of linseed, and between December 13, 1894, and January 12, 1895, 23,704 bushels of linseed, of 56 pounds each; that this was separated into linseed oil, of which each bushel made 19.91 pounds, and oil cake, of which each bushel made 35.87 pounds; that 448,153 pounds of this oil cake was exported to England by the ship Manitoba, January 4, 1895, and 850,262 pounds by the

Berlin, January 29, 1895; that the plaintiff complied with all the requirements of the law and the treasury regulations to become entitled to the drawback on these exportations, which were computed by the customs officials by the proportion in value of the oil to the oil cake on the exportation by the Manitoba at $508.55, and on the Berlin at $989.91; that these drawbacks, computed upon the proportion of weight instead of value, would be on the exportation by the Manitoba $1,514.81, and on the Berlin $3,006.29.

By the tariff act of 1894, under which these importations and exportations were made (paragraph 29) the duty on linseed oil is 20 cents per gallon of $7\frac{1}{2}$ pounds weight. By paragraph 206, the duty on linseed is 20 cents per bushel of 56 pounds; and by paragraph 567, oil cake is free (28 Stat. 509). And the same act provides:

"Sec. 22. That where imported materials, on which duties have been paid, are used in the manufacture of articles, manufactured or produced in the United States, there shall be allowed on the exportation of such articles a drawback equal in amount to the duties paid on the materials used, less one per centum of such duties." 28 Stat. 551.

A question is made in behalf of the United States whether this oil cake is a manufacture of an article, within the meaning of this statute. As to this, however, the linseed was not oil cake, and did not contain oil cake, as such. The linseed had to be treated, and from this treatment the linseed oil was produced as one thing, and this oil cake as another thing. The oil cake was made from the linseed, and was a new article of manufacture, and so it appears to come directly within the provisions of this statute. As the duty upon the linseed was 20 cents per bushel of 56 pounds weight, the duty paid was exactly five-fourteenths of a cent per pound of the importation. The statute provides for a drawback equal in amount to the duties paid, which must mean those actually paid on the materials used, less 1 per centum of such duties. The material that went into the oil cake was 35.87 pounds to each bushel, and the duty paid on that material is readily computed by applying so much of the 20 cents per bushel of 56 pounds as belongs to this 35.87 pounds. The duty on the 19.91 pounds of oil to each bushel of 56 pounds could also be readily computed, if important, and would be but a fraction of that on the oil, if it had been manufactured in the foreign country, and imported separately. The law seems clearly to ignore values in cases of specific duty, as it provides that the drawback shall be equal in amount to the duties paid on the materials used, and does not provide for any apportionment upon the value; and, to comply with the law, plainly nothing would need to be done but to ascertain the amount of duty actually paid upon the materials used, as has been readily done in this case. The treasury regulations, as applied to this case, make an ad valorem drawback upon a specific duty, instead of a specific drawback upon a specific duty, as the law requires. Of course, if by the treatment of an imported article a valuable thing is produced which leaves a refuse of no value, so that this only valuable product was the sole object of the importation, then nothing could be allowed by drawback for duty on the refuse; but

here the article imported contains two valuable things, each of which has long been recognized in the tariff law as a proper subject of duty on importation, and of drawback on exportation; and the duty paid on the one of low value is as much a duty as that paid on the one of high value is. So, upon these several provisions of this tariff act of 1894, it seems clear that the calculation of the drawback upon the proportion of weight is the one which the importer and exporter are entitled to; and that the one on proportion of values is not legally applicable.

It is said, on behalf of the government, that such drawbacks have been provided for ever 'since 1860, and that the treasury department has, by regulations when those were authorized, and without them when they were not, always computed these drawbacks in proportion to values; and that the passing of new tariff acts providing such drawbacks, when such action of the treasury department was going on, was an implied approval of that method, and a warrant for the present regulations under which these drawbacks have been computed. It also appears that from 1870 to 1894 no drawback on oil cake was allowed. In all that time no treasury regulation would be applicable to this particular subject, and during all that time this article was a subject of a particular law, excluding it from drawback. The plaintiff's claims are founded, not on the regulations of the treasury department at all, but on the law which gives the right; and that the customs officers refused to follow the law and followed the regulations does not defeat the right which the law gives. Campbell v. U. S., 107 U. S. 407, 2 Sup. Ct. 759. Under these circumstances the practice of the customs and treasury departments would not seem to be material. U. S. v. Graham, 110 U. S. 219, 3 Sup. Ct. 582; U. S. v. Alger, 152 U. S. 384, 14 Sup. Ct. 635. Upon this view of the case, the plaintiff seems to be entitled to a judgment for the amount of these two sums, which is $4,521.10. Judgment for plaintiff for $4,521.10.