Scoeield, J.,
delivered the opinion of the court:
This case was transmitted to the Court of Claims by the Committee on War Claims of the House of Representatives of the Forty-eighth Congress, under the act of March 3, 1883, known as the Bowman Act (22 Stat. L., 485).
The defendants, by the Attorney-General, move to dismiss the case for want of jurisdiction in the court to find the facts under said act.
In section 3 of this act is the following provision:
“Nor shall thesaid court have jurisdiction of any claim against the United States which is now barred by virtue of the provisions of any law of the United States.”
Are the claims in this case so barred?
In July, 1864, the claimants were drafted into the military service of the United States from the county of Pendleton, Kentucky. To obtain a discharge from the service they paid to the United States the sum of $300 each. At that time, as it is alleged, Pendleton County had more than filled its quota, and the draft was improperly made.
February 28, 1867, Congress passed the following act (14 Stat. L., 417):
“ Sec. 2. And he it further enacted, That the Secretary of War is authorized and required to refund from the commutation money the amount (not exceeding $300 in any one case) paid by any person drafted during the late war who furnished a substitute or paid commutation money, whenever it shall appear that, under the rules and decisions of the War Department governing at the time, the said person was'entitled to discharge from the obligation to render personal service under the draft for which he paid money or furnished a substitute; and to refund in like manner in all cases when it shall appear that a person, so having paid commutation money or furnished *309 a substitute, was not legally liable to draft: Provided, That this section shall apply only to claims received at the War Department prior to its passage.”
By the act of March 1, 1869, the proviso in the foregoing act was repealed and in its stead the folio wing proviso enacted:
u Provided, hoivever, That all claims under said section of said act shall be presented and filed within two years from the date of the final passage of this act, and not afterward.” (15 Stat. L., 282.)
The claims involved in this suit were filed in the War Department within the two years prescribed.
June 1, 1869, all the claims were passed upon and rejected by the Secretary of War.
The counsel, for the defendants, in support of the motion to dismiss, contend that this statute, according to the rule laid' down in the cases of Hukill (16 C. Cls. R., 562), Jordon.(19 id., 108), and Blount (21 id.), conferred upon this court jurisdiction of these cases. If the statute admits of this construction, the. claimants had six years from March 1,1871, in which to present their petitions to the court. None were presented. Their claims would thps become barred by the following section of the Devised Statutes:
“ Sec. 1069. Every claim against the United States, cognizable by the Court of Claims, shall be forever barred, unless the petition setting forth a statement thereof is filed in the court or transmitted to it by the Secretary of the Senate or the Clerk of the House of Representatives, as provided by law, within six years after the claim first accrues.”
On the other hand, the counsel for the claimants contends that this statute did not, directly or indirectly, confer any jurisdiction over these claims upon the Court of Claims, but conferred it exclusively upon the Secretary of War. .
According to this construction the court might entertain a suit to enforce the decision of the Secretary, but not to revise or reverse it. Kaufman’s Case (11 C. Cls. R., 659), affirmed in the Supreme Court (96 U. S. R., 567); Ramsey’s Case (14 C. Cls. R., 367); Greencastle Bank, (15 id., 225); Sybrant’s Case (19 id., 461); Dailey’s Case (17 id., 144); Harrison’s Case (20 id., 124); Davidson’s Case (21 id., 298).
The Secretary of War would thus become clothed with exclusive authority to hear and determine these cases. From his decision there would be no appeal’ except to Congress. *310 Quite likely this is the proper construction to be placed upon the statutes.
The Secretary did hear these claimants, and decided that “under the rules and decisions of the War Department' governing at the time” they were not “entitled to discharge from the obligation to render personal service-under the draft.”
Does not the claimants’ construction of the statutes bring these cases within the class which the court is forbidden by the Bowman Act to consider, as much as the construction given to it by the defendants? Are they not thus “barred by virtue of the provisions of a law of the United States?” We think they are. Even if these words are to be construed as relating only to thé statute law of the United States, the bar is contained, by necessary implication, in the. very statute which submits them to the exclusive and final consideration of the Secretary. In Dodd’s Case (ante), decided at this term, the court said:
“ The Bowman Act does not require an express statutory bar. It is broader in its scope, and deprives this court of jurisdiction over a claim then barred ‘ by virtue of the provisions of any law of the United States,’ and this clause has been construed as follows: The section ‘does not mean merely the provisions of any law oí limitation, but of any law; nor does it mean any express law barring the claims in diiect prohibitory terms, but any law which has the effect of barring it.’” (Ford’s Case, 19 C. Cls. R., 519.)
In this view of the case it makes no difference whether the claimants or defendants are right in the construction of the statute by which the cases were submitted to the Secretary of War, because under either construction the cases are barred by “the provision of the law of the United States,” and this court is forbidden by the Bowman Act to consider them. The petitions are therefore dismissed for want of jurisdiction.
The clerk of the court will certify this opinion to the Committee on War Claims of the House of Representatives, and the report of the court as to the disposition of the claim.