Peedle, J.,
delivered the opinion of the court:
On March 16,1889, and for a long time prior thereto, the claimant was passed assistant engineer in the United States Navy, and while serving as such, under orders from the Secretary of the Navy, on board the U. S. S. Yandalia, in the harbor of Apia, Samoan Islands, the vessel was wrecked and totally destroyed, by reason of which, and without any fault on his part, the claimant suffered the total loss of a large amount of personal property, including $156 in gold and silver money on board the vessel at the time.
To reimburse those who suffered loss by reason of said wreck the Congress passed the Act February 19,1890 (26 Stat. L., 9), the first section of which is as follows:
u That to reimburse the survivors of the officers and crews of the United States steamers Trenton and Yandalia, wrecked in the harbor of Apia, Samoan Islands, on the sixteenth day of March, eighteen hundred and eighty-nine, and the survivors of the officers and crew of the United States steamer Nipsic, stranded at the same time and place, for losses incurred by them, respectively, in the wreck and stranding of said vessels, there shall be paid to each of said survivors, out of any money in the Treasury of the United States not otherwise appropriated, a sum equal to the losses so incurred by them: Provided, That the accounting officers of the Treasury shall, in all cases, require a schedule and certificate from each person making a claim under this act: Provided further, That in no case shall the aggregate sum allowed as compensation for such losses exceed the amount of twelve months’ sea pay of the grade or rating held by such person at the time such losses were incurred.”
There are other sections in the act, but the one quoted is the only one applicable to the case at bar.
Under that section the claimant, in March, 1890, filed with the accounting officers of the Treasury Department a claim for the property so lost by him, amounting to $1,844, not, however, including the money and other property for which reimbursement is now sought.
The claim thus filed was adjusted, and in June following the full amount was allowed and paid to the claimant.
Thereafter, in 1890, the claimant filed with the accounting officers a supplementary account for $556, which was disal *366 lowed by the Second Comptroller of the Treasury Department by letter of December 17,1890, as set forth in finding v.
When the claimant’s first account was filed for reimbursement under the act he omitted to include in his schedule of losses the money and articles set forth in finding v, because at that time he was not aware that the act authorized reimbursement therefor, he being absent from the country, and his only knowledge of the act derived from hearsay, as set forth in the findings.
The defendants contend, and such was the theory or ground upon which the Comptroller acted, that the supplementary claim can not be considered and its merits passed upon without reopening the account which was settled growing out of the same loss, and that as no mistakes in matters of fact arising from errors in calculation were shown to exist in the allowance made the case could not be reopened.
If the defendants were asserting a counterclaim growing out of the settled account for overpayments made under a wrong construction of the law, the question would come within the decision in the Yoes Case (30 C. Cls. R., 370), and the suit would be an invitation to open up the account to correct the error.
But the defendants are not seeking to interpose a counterclaim, nor is the claimant asking that the settled account be reopened.
Both parties concede that the account as settled was correct, and therefore if reopened it would only be to reaffirm the settlement made. Nor is there any controversy in respect to the loss of the money and articles for which the supplementary claim is made or as to the value thereof.
We think the claimant’s supplementary claim can be considered and its merits passed upon without reopening his settled account growing out of the same loss, as no fraud or mistake is shown in either claim; and the claimant’s right to reimbursement for the “ losses incurred” by him arises under a special statute, enacted in part for' his relief, by the terms of which an appropriation is made for “ a sum equal to the losses so incurred.”
The only limitation in the act is'“that in no case shall the aggregate sum allowed as compensation for such losses exceed the amount of twelve months’ sea pay of the grade or rating held by such person at the time such losses were incurred.”
*367 Tbe claimant’s rate of pay while at sea at the time of his loss Avas $2,450; besides, he was entitled to $109.50 commutation for rations, so that the aggregate amount of his loss as disclosed by both claims is less than the amount of twelve months’ sea pay of his grade.
Under a misapprehension of the terms of the act, as well as against his own interest, the claimant excluded from his first claim the money and articles for which reimbursement is now sought.
Has he by thus severing his claim and allowing the first to go to settlement before filing the second estopped himself from asserting the second claim in this court?
We think not. While the better practice is for a creditor to present his whole claim at the same time, we are aware of no law which compels him to do so. At common law the right of a creditor to sever his claim and maintain two suits thereon was recognized, and this court has repeatedly entertained suits on accounts for fees of officers which were withheld from the accounting officers at the time of presenting to them for settlement accounts for fees accruing at the same time.
In the case at bar we think the claimant’s rights are to be determined by the special statute enacted in part for his benefit and relief, and by the terms of that act he is entitled to reimbursement for the loss incurred by him; not reimbursement for a part of his loss, but for the loss incurred, limited only by the latter proviso to the section.
It will be observed that although the act provides that those who incur loss “shall be paid,” and in terms makes an appropriation therefor, yet the amount to be so paid is to be ascertained by the accounting- officers, within the limits before stated, by requiring “a schedule and certificate from each person making a claim under this act,” i. e., an itemized account of such loss, with a certificate attached thereto as to-the correctness of the items lost and. their value.
We do not think the language of the section is sufficient to constitute the accounting officers an exclusive tribunal for the adjustment of such claims; but as this question is not raised by the defendants we will not consider it further.
For the reasons stated the claimant is entitled to recover judgment for the sum of $556.