Weldon, J.,
delivered the opinion of the court:
This proceeding is founded on a claim for the loss of a horse, on board of a United States transport, belonging to the claimant, who was a captain in the United States Cavalry, the horse being shipped to Manila for military purposes. The findings show that about the 1st of September, 1900., while en route to Manila, in a rain storm the horse fell in his stall and severely injured himself, from which he died without any fault on the part of the claimant.
This case was decided on February 21, 1903, awarding a judgment to the claimant in the sum of $200. After the rendition of that judgment a motion was made bjr the defendants to amend the findings of fact and conclusions of law. The motion to amend requests that the words “in consequence thereof” be stricken from the second finding, those words having reference to the storm during which the horse of the claimant fell as aforesaid. The motion of defendants is allowed to that extect and new findings have been made omitting those words, but including other words.
The claim is made under section 3482, of the Revised Statutes as amended by the act of June 22, 1874. (1 Supp. Rev. Stat., 37.) It is contended by the counsel for the defendants that no recoverjFcan be allowed in this case because of the provisions of the act of January 9, 1883. (22 Stat. L., 401.) The substance of the second section of the last act is that all claims arising under the act approved March 3, 1849, and all *252 acts amendatory of said act, which are not filed in the proper Department within one year from and after the passage of the act shall be forever barred, and shall not be received, considered, or audited by any Department of the Government.
Assuming in this connection that the act of January 9, 1883 (supra), on which the defendants rely, does not affect the provisions of the section of the Revised Statutes. 3482, as amended by the act of June 2, 1874 (supra), what are the legal rights of the claimant? It is provided in the last-named act:
“And payment in any case shall not be refused where the loss resulted from any exigency or necessity of the military service, unless it was caused by the fault or negligence of such officer or enlisted man.”
The facts show in this case, that the horse was lost in an exigency of the service, to wit, in transportation from the United States to Manila; it was certainly without the fault or negligence of the claimant, for the reason that he was not on board of the ship at the time, the horse being in the care and custody of a veterinary surgeon of the United States. Under the statutes quoted in this connection this court has decided in favor of the right of the claimant to recover (Irby v. United States, 18 C. Cls. R., 259, 261), in which it is said:
“To authorize a judgment in favor of the claimant under said acts four things must appear, namely, first, that the claimant owned a horse which he took into the militaiy service; second, that the horse was lost; third, that the loss resulted from an exigency or necessity of the military service; and fourth, that the loss was without fault or negligence on the part of the claimant.”
In the case of Thomas v. The United States (16 C. Cls. R., 522, 526) it is said:
“We therefore conclude that the act of 1874 was meant to do away with the limited specification of cases in the act of 1849 and to open the way for the payment of losses of horses in any case where without fault or negligence of the officer or enlisted man the loss resulted from any exigency or necessity of the military service.”
It is true as stated in the brief of the counsel for the defendants that those adjudications were before the passage of the *253 act of 1883, and of course that statute is not affected by the. authority of those decisions. This brings us to the consideration of the applicability and effect of the act of 1883. It is the theory and contention of the defendants that the statute operates as a limitation on the power and jurisdiction of this court.
Before the passage of the act of 1883 this court had undoubted jurisdiction, as is shown by the many decisions of the court, and the question presented by the contention of counsel is, Does.that jurisdiction remain notwithstanding that statute of 1883? It is shown by reports of committees of Congress in connection with legislation of the character involved in this case that the policy of payment was coeval with the earliest legislation of Congress.
“From an early period in the history of our Government dating back of the present century it has been' the policy of Congress to provide payment for horses and equipage lost in the military service. The first law was passed in 1196 (1 Stat. L., 463, Senate Report 513, 47th Cong., 1st sess., pp. 1 and 2).”
Then follows a citation in a large number of statutes passed upon the subject of compensation for losses of that character under the general- jurisdiction of this court.
The act of 1883, is peculiar in its provision; if it was intended to affect the statutes giving this court implied jurisdiction as provided in section 3482, and the act of June, 1874 (supra), as determined in the cases cited. The act of 1883 provides that all claims arising under that section of the Revised Statutes, and the act of 1874, which shall not be filed in the proper Department within one year from and after the passage of the act of 1883, shall be “forever barred, and shall not be received, considered, or audited by any Department of the Government. ” The provision of the statute, if intended .to limit the jurisdiction of the court,' as was said, is very peculiar in its phraseology, and if there is a repeal of the jurisdiction of the court, it can only arise by implication. “Received, considered, or audited,” in connection with the phrase “any Department of the Government,” indicates that the statute intended to limit the jurisdiction of an Executive. *254 Department of the Government, and not to limit the jurisdiction of this court, which has been exercised under the acts of 1849 and 1874.
If the contention of the defendants be correct in theory, the effect is that the long-continued policy of the Government is abandoned, and a new policy instituted, the effect of which is to bar all claims then existing or which might thereafter accrue, unless the same were filed in the proper Department within one year from and after the passage of that act. All claims accruing more than one year after the passage of the act are barred of necessity, for the reason they could not be filed within one year after the passage of the act of 1883, and all claims originating within one year with claims existing at and before the passage of the act for the reason they were not filed.
“Filed in the proper Department” is not language or-dinarity applicable to the jurisdiction of a court, and the terms “received, considered, and audited by any Department of the Government ” are not apt words of description in reference to the jurisdiction-of a court. While the judiciary is one of the coordinate branches of the Government, it is not usual to refer to it as a department in legislation upon a subject-matter which is cognizable in a department which adjusts the financial obligations of the Government. The purpose of the act of 1883 was to extend a limitation which expired on the 31st of December, 1875, so as to preserve the jurisdiction of the department of claims for one year beyond the 9th of January, 1883. The claim having originated within six years before the blunging of the suit, it is within the general jurisdiction of the court, and that jurisdiction not being affected by the act of 1883, the court decides that the motion of the defendants to amend the findings is allowed and the motion for a new trial is overruled.