BaeNey, J.,
delivered the opinion of the court:
This proceeding is founded on a claim for the loss of a horse during the Spanish war belonging to the claimant, who was a first lieutenant and assistant surgeon of the First District of Columbia Infantry.
It appears, and the findings herein show, that on the night of July 11, 1898, while the claimant, with his regiment, was stationed in the trenches before Santiago de Cuba, his horse became frightened at a storm then raging and escaped from the picket line and ran'into the field lying between our trenches and those of the enemy. While there it was mistaken by our troops as belonging to the enemy and was shot and wounded so severely that it was afterwards killed by order of Colonel Harries, then commanding the regiment.
The claimant seeks to recover in this case for the loss of the horse under section 3482 of the Revised Statutes, as amended by the act of January 22, 1874 (1 Supp. Rev. Stat., 37.)
It appears that this claim was disallowed by the Treasury Department because of the provisions of the act of March 3, 1885 (23 Stat. L., 350) ; and it is conceded that if the latter statute is any limitation upon the right of recovery under section 3482 as amended, there may bo some doubt as to the claimant’s right to recover in this case; but, as we hold to the contrary, and as this claim is made under section 3482 as amended, it is unnecessary to decide that question in this case, and we leave it for consideration and decision when presented.
*88 We think the facte in this case sufficiently show, and we so find, that the horse was lost in an exigency of the service, and without the fault or neglect of the claimant, so that this court has undoubted jurisdiction unless deprived of such jurisdiction by the act of January 9, 1883 (22 Stat. L., 401), or the act of March 3, 1885, supra.
In the case of Hardie v. The United States (39 C. Cls. R., 250), under a similar state of facts, this court decided that the act of January 9, 1883, Avas no limitation on the jurisdiction of this court under section 3482 as amended, and we see no reason for holding otherwise in the present case. On the contrary, we -adopt the reasoning. therein contained for now deciding that the act of March 3, 1885, is-also no limitation on the jurisdiction of this court under said section 3482 as amended.
That act provides, “ That the proper accounting officers of the Treasury be, and they hereby are, authorized and directed to .examine into, ascertain, and determine the value of the private property belonging to officers and enlisted men in the military service of the United States which has been or hereafter may be lost or destroyed in the military service, under the following circumstances.” Then follow certain limitations, one of which is: “And provided further, that this act shall not apply to losses sustained in time of Avar or hostilities with Indians,” and it Avas on account of this provision that the Treasury Department refused to allow the claim for the loss of the horse as before stated, but which ruling avc are not called upon to consider -in this case.
As Avas Avell stated by Weldon, J., in the Ilardie ease, it has .been the policy of this Government from its- foundation to pay such losses; and the section of the Revised Statutes in question has been upon the statute books for more than half a century. If, therefore, it AAras intended to limit the jurisdiction of this court under said section, and make such a radical change in the policy of this Government in regard to the payment of such claims, the language of the act. should have been clear and unmistakable.
Why this Government should be less liberal to its defenders when risking their lives in the face of the enemy than *89 when in camp and barracks in time of peace, is a question difficult to answer; and we do not think the act of March 3, 1885, indicates such intention.
Under that act the “ accounting officers of the Treasury ” perhaps could not have examined into and audited this claim; but admitting that to be true, which is at least doubtful, we have no hesitancy in holding that their deprivation of such authority has no application to this court.
It is therefore decided that' the jurisdiction of this court under section 3482 of the Revised Statutes is not affected either by the act of January 9, 1883, or the act of March 3, 1885, and the claimant is awarded judgment in the sum of $150.