Peelle, Ch. J.,
delivered the opinion of the court:
This is a claim of a naval officer for reimbursement for losses incurred by the destruction of the U. S.'S. Charleston, under the act of February 7, 1903 ( 32 Stat. L., p. 804), which reads:
“ That to reimburse the officers and crew of the United States steamship Charleston, destroyed on a coral reef off Camiguin Island, in the Philippines, November second, eighteen hundred and ninety-nine, for losses incurred by them, respectively, in the destruction of said vessel, there shall be paid to each of said officers and crew, or to the personal representatives of any which may be deceased, out of any money in the Treasury of the United States not otherwise appropriated, a sum equal to the losses so sustained by them: Provided, That the accounting officers of the Treasury shall, in all cases require a schedule and certificates from each person making a claim under this act, such schedule to be approved by the Secretary of the Navy, who may require other satisfactory joroof of said losses, and reimbursements shall be made for such losses as are of a character and value suitable and appropriate to the rank, rating, or duty of the iierson suffering such loss: Provided, however, That in no case shall the aggregate sum allowed any claimant or person for such loss exceed the value of such articles of personal property as were required by the United States Naval Regulations in force at the time of such loss, and there shall *411 be deducted therefrom any sum heretofore paid any of them under section two hundred and ninety of the Revised Statutes.
“ Seo. 2. That the relief granted by the provisions of this act shall be in full satisfaction of any and all claims whatever against the United States on account of losses by the destruction of the United States steamship Charleston, and any claim which shall be presented and acted upon under the authority of this act shall be held to be finally determined, and shall not in any. manner thereafter be reopened, reconsidered, supplemented, nor be subject to appeal in any form.
“ Sec. 3. That no claim for loss by reason of the destruction of said vessel not heretofore presented shall be allowed under the provisions of this act which shall not be presented within two years after the date of its passage.
“ Sec. 4. That any amounts that have been paid under sections two hundred and £ighty-eight, two hundred and eighty-nine, and fiwo hundred and ninety of the Revised Statutes shall be deducted in the settlement of all claims under this act.”
Under that statute the claimant presented to the accounting officers of the Treasury a claim for $1,676.63, being the aggregate value placed by him upon the list of articles furnished.
The Secretary of the Navy was called upon for his approval, under the act, of such articles as were suitable and proper to the rank of the claimant under the Naval Regulations, and that officer approved the schedule in part,, the value annexed thereto amounting in the aggregate to $1,402.81, and disallowed the residue thereof, valued at $273.82.
The accounting officers then examined the claim and allowed for all the articles approved by the Secretary of the Navy, as suitable and proper to the rank of the claimant, the sum of $1,081.25, thereby reducing the aggregate value of the articles so approved by the Secretary of the Navy $321.56, or $595.38 less than the claimant valued all the articles on the list, including those disallowed by the Secretary.
But we need not consider the articles disallowed, as the claimant’s right to reimbursement is expressly limited by the act to “the value of such articles of personal property as were required by the United States Naval Regulations in *412 force at the time of such loss;” and as the Secretary of the Navy, by his approval of the schedule in part, thereby designated the articles thereon required under said Regulations, the accounting officers in their allowance could not “ exceed the value of such articles.”
The accounting officers, however, were not limited by the act to the value placed on said articles by the claimant or by the Secretary of the Navy, as the act expressly provides that they “may require other satisfactory proof of said losses,” to the end that reimbursement therefor shall be made upon the basis of the value of the articles “ suitable and appropriate to the rank ” of the person suffering such loss.
That duty the accounting officers appear to have performed and, having secured additional evidence, allowed the claimant, for all the articles approved by the Secretary of the Navy, the sum of $1,081.25, which sum was paid to the claimant and received by him, so far as the record appears, without protest or objection.
It is now contended that the claimant should recover the additional sum of $231.56 for the identical articles allowed for bjr the accounting officers, because that sum, together with the amount allowed by them, is the value placed upon said articles by the Secretary of the Navy.
If that contention should be sustained the legal effect would be to make the Secretary of the Navy the sole judge of the value of the articles lost as well as of the articles required under the Regulations, thereby practically relieving the accounting officers from any responsibility in the matter.
The first proviso to section 1 of the act answers that contention : “ That the accounting officers of the Treasury shall in all cases require a schedule and certificate from each person making a claim under this act, such schedule to be approved by the Secretary of the Navy, who may require other satisfactory proof of said losses, and reimbursements shall be made for such losses as are of a character and value suitable and appropriate to the rank, rating, or duty of the person suffering such loss.”
The last proviso to that section expressly prohibits the allowance of any sum in excess of the value of the articles at *413 the time of the loss, and the accounting officers having acted, the presumption is that they allowed the reasonable and fair prices therefor. This presumption is strengthened by the claimant’s acceptance of the amount allowed.
In the Webster case (32 C. Cls. R., 362), which was also under a special statute authorizing the reimbursement of the survivors of the officers and crews of certain vessels wrecked in the harbor off the Samoan Islands “ for losses incurred by them,” it was provided, that the aggregate amount allowed should not exceed the amount of twelve months’ sea pay of the grade or rating held by those suffering the loss, and that was the only limitation in the statute. When the claimant therein presented his claim to the accounting officers he omitted therefrom such articles as he knew were not essential to him in his capacity as a naval officer; but when he learned that the act authorized reimbursement for the loss incurred by him in the wrech without discrimination as to the character of the articles lost, not exceeding twelve months’ sea pay, he then presented his claim for payment of such omitted articles, and the court awarded him judgment because the amount thereof, added to what he had already been allowed and paid by the accounting officers, was less than twelve months’ sea pay.
In the Hardie case (39 C. Cls. R., 250), for the loss of a horse resulting from the exigency of military service, under Bevised Statutes, section 3482, as amended by the act of June 22, 1874, (18 Stat. L., 193), and the act of June 9, 1883 (22 Stat. L., 401, sec. 2), it was held that the provision of the later statute that all claims “ which shall not be filed in the proper Department within one year from and after the passage of this act shall be forever barred, and shall not be received, considered, or audited by any Department of the Government,” did not extend to the jurisdiction or authority of this court. (See also the Thomas case, 16 C. Cls. R., 522.)
The statute in the present caáe is broader and at the same time more specific. That is to say it provides “ that the relief granted by the provisions of this act shall be in full satisfaction of any and all claims whatever against the United States.”
The petition is dismissed.