Peelle, Ch. J.,
delivered the opinion of the court:
The question here presented arises on the defendants’ motion for a new trial on the ground of error of law in taking jurisdiction and rendering judgment in the claimant’s favor.
The claimant was a captain in the United States Army, detailed for and on duty as paymaster, Department of California, at San Francisco, and while on duty was, March 31, 1906, granted four months’ leave of absence. Before taking his leave he packed all his military uniforms, horse equipments, clothing, camp outfit, and all of his personal property required for use in the military service in three large chests, and left them in his office room in the Phelan Building in said city in charge of his clerk. On April 18, 1906, all of said property so left was wholly destroyed by earthquake and fire; and in the condition and place of storage it was impossible to otherwise protect or save the same, by reason of which the claimant suffered damages in the sum of $466.15, of which amount the claimant was paid $87.48, being his pro rata share of insurance in the Army Cooperative Fire Association, leaving $378.67 unpaid,
The claim so accruing was presented to the Auditor of the Treasury for the War Department, with the proper certificate from the department that the property so lost was necessary and proper for an officer to have while in quarters; but the claim was disallowed on the ground that as the “ officer was not giving his attention to saving Government property, but was absent with leave, no reimbursement can be made under the act of March 3, 1885.” (23 Stat. L., 350.)
Recovery is asked under this statute, which reads:
“ Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled, That the proper accounting officers of the Treasury be, and they are hereby, authorized and directed to examine into, ascertain, and determine the value of the private property belonging to officers and enlisted men in the military service of the United States which has been, or may hereafter be, lost or destroyed in the military service, under the following circumstances:
“ First. When such loss or destruction was without fault or negligence on the part of the claimant.
*518 “ Second. Where the private property so lost or destroyed was shipped on board an unseaworthy vessel by order of any officer authorized to give such order or direct such shipment.
“ Third. Where it appears that the loss or destruction of the private property of the claimant was in consequence of his having given his attention to the saving of the property belonging to the United States which was in danger at the same time and under similar circumstances. And the amount of such loss so ascertained and determined shall be paid out of any money in the Treasury not otherwise appropriated, and shall be in full for all such loss or damage: Provided, That any claim which shall be presented and acted on under authority of this act shall be held as finally determined, and shall never thereafter • be reopened or considered :• And frovided further, That this act shall not apply to losses sustained in time of war or hostilities with Indians: And frovided further, That the liability of the Government under this act shall be limited to such articles of personal property as the Secretary of War, in his discretion shall decide to be reasonable, useful, necessary, and proper for such officer or soldier while in quarters, engaged in the public service, in the line of duty: And frovided, further, That all claims now existing shall be presented within two years and not after from the passage of this act; and all such claims hereafter arising be presented within two years from the occurrence of the loss or destruction.”
The defendants raise the question of jurisdiction on the ground that the act confers exclusive jurisdiction on the accounting officers of the Treasury Department. We will therefore first determine this question.
i That it is within the power of Congress to confer exclusive jurisdiction on an executive department to decide and pass upon claims against the Government is no longer open to discussion.
In the case of Ferry & Co. v. United States (85 Fed Rep., 550, 556) the Circuit Court of Appeals, by Judge Taft, now President, in construing the authority of the Secretary of the Treasury under Devised Statutes, section 2984, respecting the refund of customs duty as therein provided, said:
“ To give the Court of Claims jurisdiction to hear and determine a claim which by law is to be heard and determined by an executive officer is to allow the Court of Claims to re *519 view- tbe decision of that officer. That Congress may do this is unquestioned. But that Congress is not to be presumed to have done this in a case arising under the revenue laws, where the Secretary of the Treasury is made the arbiter to hear and determine such a claim, is settled in the Nichols case (7 Wall., 122, 127). The court, in United States v. Black, followed an earlier decision of Decatur v. Paulding (14 Pet., 497), and made very clear by reason and authority, the distinction between the mere ministerial act of the executive officer, which may be controlled by the courts by mandamus, and an act in the performance of which an officer is vested with quasi judicial discretion.” (See also Marshall v. United States, 21 C. Cls., 307, 310; United States v. Arredondo, 6 Peters, 691.)
The defendants contend that the present case is identical with that of Little (41 C. Cls., 408). There, however, an allowance had been made by the accounting officers within their discretion under the special act in that case independent of the value so fixed by the Secretary of the Navy, and the question was whether the value so fixed by the Secretary was conclusive. The court ruled that to so hold would make the Secretary the sole judge of the value of the articles lost as well as the articles required under the regulations. The act gave the accounting officers authority to seek other satisfactory proof of the value of the articles lost. This they did, and found the value, and the claimant accepted the sum so allowed him. In other words, the question of fact was determined by the accounting officers, and that done, the act provided “ That the relief granted by the provisions of this act shall be in full satisfaction of any and all claims whatever against the United States.” In other words, the acceptance of the amount allowed by the claimant operated as a satisfaction of “ all claims whatever against the United States ”: and for that reason the court held that no further relief could be granted by the court.
The case of Moritz v. United States (No. 23014), brought under a statute almost identical with the one in the Little case, and where an allowance had been made, was dismissed . on the authority of that case.
In the present case no allowance was made on the ground that at the time of the loss the officer was not giving his attention to saving Government property, being absent with *520 leave. The question, therefore, is, Does the absence of the officer at the time of the loss, which rendered it impossible for him to give attention to saving the property, exclude him from recovery? In other words, was the absence of the officer and his consequent inability to save the property negligence on his part within the meaning of the special act which, in this respect, provides for recovery “ when such loss or destruction was without fault or negligence on the part of the claimant ” ?
We do not believe negligence can be attributed to the claimant under the circumstances of this case, as the loss and destruction of the property were not caused by theft or from insecurity of pacldng and storage, but were caused by the earthquake and fire; and from the history of that great calamity and the total destruction of a great part of the city of San Francisco we are justified in the conclusion that had the claimant been present his loss would in all probability have been the same.
Another question, however, arises under the third proviso to the act, viz, “ That the liability of the Government under this act shall be limited to such articles of personal property as the Secretary óf War, in his discretion, shall decide to be reasonable, useful, necessary, and proper for such officer or soldier while in quarters, engaged in the public service, in the line of -duty.”
Was the status ,of the officer while thus absent with leave for his own benefit different from that while “ in quarters, engaged in the public service, in the line of duty”? That he was in service there can be no doubt, and while so absent was subject to court-martial as a means of military discipline. But here it is contended the officer is claiming a benefit under a special statute designed to compensate officers and enlisted men for losses suffered by them “ while in quarters, engaged in the public service, in the line of duty.” That language, however, is clearly a limitation on the articles for which the officer is entitled to recover. That is to say, the officer is entitled to be paid for such articles of personal property as the Secretary of War, within his discretion, shall certify was necessary for him to have while “in quarters, engaged in the public service, in the line of *521 duty.” Not that at the time of the loss he must actually have been “ in quarters,” for he might have been absent ah hour, a night, or a day; and if during such absence loss occurred without fault or negligence on his part he would be entitled to recover. Mere absence is not per se negligence. Therefore, in such case unless it can be shown that such absence in some way contributed to the loss no negligence will be imputed.
In the McLean case (45 C. Cls., 95) a special act authorized the accounting officers “ to settle and adjust ” the claim of the widow “ to all back pay and emoluments that would have been due and payable” to her husband at the time of his retirement. The court took jurisdiction and held that the duties of the accounting officers were simply administrative. Here, had the accounting officers ascertained any amount due and the same had been accepted by the claimant, it would, under the statute and the ruling in the Little case, have been “in full for all such loss or damage.” But the claimant was denied all relief on the ground that by reason of his absence he was not at the time of the loss “giving his attention to saving Government property.” That is to say, officers who suffer such loss while absent on leave are not embraced in the act. This is a question of law; and having decided that in the claimant’s favor, and the Secretary of War having certified as to the articles the claimant was entitled to have and the value thereof having been established, we must hold that under the facts of this case the claimant is entitled to recover. Therefore, the defendants’ motion for a new trial is overruled, the judgment to stand on the findings filed February 27, 1911, which are now printed herewith.