William A. HOWE, Petitioner,

v.

COMMODITY FUTURES TRADING COMMISSION, Respondent.

No. 86–1279.

United States Court of Appeals, First Circuit.

Submitted Oct. 10, 1986.

Decided Oct. 29, 1986.

William A. Howe on brief pro se.

Kenneth M. Raisler, Gen. Counsel, Whitney Adams, Deputy Gen. Counsel, Pat G. Nicolette, Deputy Gen. Counsel, and Anne H. Wright, Washington, D.C., on brief, for respondent.

Before COFFIN, BOWNES, and BREYER, Circuit Judges.

PER CURIAM.

William A. Howe seeks review of an order of the Commodity Futures Trading Commission (CFTC) which affirmed a decision by an administrative law judge (ALJ) ordering Howe to pay a civil penalty of $100,000 for violating various sections of the Commodity Exchange Act as amended, (the Act), 7 U.S.C. § 1 *et seq.*, and CFTC regulations promulgated pursuant to the Act. We affirm.

In June 1983, the CFTC filed a complaint against Howe, Howe's mother, and a corporation with which both were connected. (Neither Howe's mother nor the corporation has perfected an appeal from the CFTC order. We address the CFTC order, therefore, solely as it pertains to Howe.) After various pleadings and memoranda were filed, a hearing before an ALJ was set for January 11, 1984. The notice of this hearing was dated November 30, 1983.

On January 10, 1984, the day before the scheduled hearing, Howe and the CFTC entered into a settlement. In this settlement, Howe consented to a finding by the CFTC that he had violated four sections of the Act, four sections of the CFTC regulations and had aided and abetted violations of five sections of the Act and ten sections

of the regulations. In general, these violations related to fraud in the making of contracts of sale of commodities, failing to provide disclosure documents or providing inadequate or inaccurate disclosure documents, commingling of funds of separate commodity pools, making false or inadequate account statements, failing to prepare and maintain required books and records, and making false statements in applications for registration and renewal of registration filed with the CFTC.

The hearing was held as scheduled on January 11, 1984 but, in light of the agreement that the violations had been committed, the hearing was limited to matters bearing on the civil penalty, if any, to be imposed. On appeal, Howe argues that the $100,000 civil penalty imposed is excessive and that he was denied due process because, he contends, he was given only one-day notice concerning the hearing on the civil penalty and the CFTC had possession of the records and evidence he needed to support his claim that the amount of the penalty was inappropriate in light of his net worth. *See* 7 U.S.C. § 9a (in determining the amount of the penalty assessed, the CFTC shall consider the appropriateness of the penalty to the net worth of the person charged and the gravity of the violation).

■ We reject Howe's due process claim. Howe received a six-week notice of the hearing set for January 11, 1984. As a result of the settlement entered into the day before, the focus of the hearing narrowed to a consideration of the assessment of a civil penalty, if any. The fact that the scope of the hearing became more limited did not render the prior notice inadequate and we find no due process violation because the hearing was held on the date scheduled. Moreover, Howe testified at that hearing that he had been advised by his attorney to put together a financial statement. (Record Vol. IV at 1440–1441.) Finally, Howe's allegation of a denial of due process is especially unconvincing in light of the fact that the ALJ invited Howe to file a post-hearing brief, which Howe

did, and which the ALJ considered prior to issuing his decision.

■ We also reject Howe's claim that he was denied due process because the CFTC had possession of records and evidence which he needed to support a claim that the amount of the penalty was inappropriate in light of his net worth. The record indicates that in September 1983 the CFTC returned certain documents which Howe had produced pursuant to a subpoena and that the remainder, relating to Howe's corporation, were made available to him. (Record Vol. II at 917.) Further, we note that Howe never raised this alleged difficulty concerning his records before the ALJ or on review before the CFTC.

Howe also claims that certain language in the settlement agreement, *i.e.,* that the ALJ would determine "the amount of civil penalty, if any," to be assessed, was deceptive since that language indicated that there might not be a penalty or that it would be, in Howe's words, "less than maximum." That language was not deceptive. The possibility of no penalty in no way suggests that, in fact, there would be no penalty. Further, contrary to Howe's understanding, the maximum penalty was *not* imposed. In the settlement, Howe, who was represented by counsel at that time, consented to a finding by the CFTC that he had violated eight sections of the Act and the CFTC regulations and had aided and abetted fifteen additional violations. The Act authorizes the CFTC to assess "a civil penalty of not more than $100,000 *for each such violation.*" 7 U.S.C. § 9 (emphasis added.)

■ In sum, the record supports the CFTC's conclusion that Howe did not present a complete and accurate financial picture in support of his request for a reduced claim and we are unpersuaded that this failure resulted from inadequate notice or the CFTC's alleged retention of evidence. We find no abuse of discretion in the assessment of the $100,000 civil penalty against Howe. *See G.H. Miller & Company v. United States,* 260 F.2d 286, 296 (7th Cir.1958), *cert. denied,* 359 U.S. 907, 79

S.Ct. 582, 3 L.Ed.2d 572 (1959) ("if the order of an administrative agency finding a violation of a statutory provision is valid and the penalty fixed for the violation is within the limits of the statute the agency has made an allowable judgment in its choice of the remedy and ordinarily the Court of Appeals has no right to change the penalty because the agency might have imposed a different penalty.")

*Affirmed.*