Rondeau v. New Hampshire, et al.     CV-98-004-M   06/11/98

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

Kevin R. Rondeau, et al.

    v.                       Civil No. 98-004-M

New Hampshire, et al.

## REPORT AND RECOMMENDATION

Pro se plaintiff Kevin Rondeau, an inmate of the New Hampshire State Hospital with criminal charges pending, has brought this civil rights action in forma pauperis on behalf of himself and his minor daughter, Sarah Ann Rondeau, against New Hampshire, State agencies and employees, several cities and counties, the Bar Association, the Public Defender, private attorneys, his mother, and her boyfriend. He alleges violations of constitutional, statutory and other rights all arising from a court battle between Mr. Rondeau and his mother over custody of his daughter. He seeks the nullification of adverse judicial determinations, release from the State Hospital, and hundreds of millions of dollars in damages. The sixty-six page complaint (document no. 1) is before me for preliminary review pursuant to United States District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(2) and 28 U.S.C. § 1915A(a). For the reasons given below I recommend that the complaint be dismissed.

## I. Background

Plaintiff alleges as follows:

Sarah Ann Rondeau was born to Kevin and Janet Rondeau in

1989. In 1990 the Rondeau's divorced, and Mr. Rondeau was awarded temporary custody of the child. Some months later, Rachel Rondeau, Mr. Rondeau's mother, accused her son of neglecting and abusing Sarah and sought police intervention. Concord police officers subsequently removed Sarah from Mr. Rondeau's home and placed her with his mother. Mr. Rondeau asserts that his mother's live-in boyfriend, Kenneth Rilley, is a convicted pedophile who has abused Sarah. Mr. Rondeau went to the Concord police station to express his concern over Sarah's placement with his mother, whereupon the police briefly arrested Mr. Rondeau for creating a disturbance.

Between 1990 and 1994 protracted litigation ensued during which Mr. Rondeau, his ex-wife, and his mother all sought custody of Sarah. In 1993 Janet Rondeau stipulated to the court that Mr. Rondeau should have sole physical custody of their daughter. The court awarded custody of Sarah, however, to Rachel Rondeau in 1994. Rachel Rondeau is a correctional officer at New Hampshire State Prison; Mr. Rondeau asserts that his mother has used the influence of her position to secure custody of Sarah and to manipulate other court proceedings and state actions. In 1994, Mr. Rondeau brought a federal civil rights action, which was subsequently dismissed, in order to prevent his mother from

gaining custody of Sarah.[1]

After the State court awarded custody of Sarah to Rachel Rondeau, Mr. Rondeau fled with his daughter to Canada rather than permit Sarah to remain with his mother. His mother, however, was able to find him and presented Canadian authorities with a New Hampshire court order stating that she had sole custody of Sarah. Mr. Rondeau told the Canadian authorities seeking to enforce the New Hampshire court order that Rachel Rondeau's custody claims were false, and on that basis a Canadian court scheduled a hearing into the matter. In the interim, Sarah was to remain in Canada in Rachel Rondeau's custody. Rachel Rondeau never appeared at the Canadian court hearing, but instead returned directly to New Hampshire with Sarah.

In early 1995, Mr. Rondeau instituted further legal action to gain custody of his daughter. In February 1995, a State court granted him visitation rights. Rachel Rondeau, however, denied him all access to Sarah and acquired several contempt citations due to that denial between February and May 1995. Starting in June 1995, Mr. Rondeau's mother allowed him to visit his daughter at the mother's home; he was, however, searched and monitored by Concord police during each visit.

---

[1] See Rondeau v. N.H., No. 94-289-SD (D.N.H. filed May 31, 1994).

3

In July 1995, Mr. Rondeau attempted to visit Sarah without the police present.  His mother refused to permit the visit and hastily left her home with the child.  Shortly thereafter, Mr. Rondeau was arrested for criminal threatening and other charges; his mother had told police that he had threatened to kill her. He was held as a pretrial detainee at Merrimack County Jail, was never permitted to post bail due to an administrative error, and remained incarcerated pending trial.  Merrimack County officials also took steps to suspend his drivers' license.

In January 1996, a State court determined after a psychiatric evaluation that, due to mental illness, Mr. Rondeau was incompetent to stand trial for the several criminal charges pending against him.  In March the State initiated proceedings to involuntarily commit Mr. Rondeau to the New Hampshire State Hospital, where he was committed in April.

In July 1996, Mr. Rondeau ran away from the State Hospital and was eventually taken into custody in Florida.  Mental health officials in Florida determined that Mr. Rondeau was not, in fact, mentally ill.  Mr. Rondeau was nonetheless returned to the New Hampshire State Hospital, where he remains.  In 1996, Mr. Rondeau filed an unsuccessful federal habeas corpus petition

4

seeking release from his confinement.[2]

Staff of the New Hampshire State Hospital have attempted to administer anti-psychotic medication to Mr. Rondeau. Hospital personnel have held out the possibility of release and reunion with his daughter in order to induce plaintiff to take the offered medication. He has, however, resisted these attempts to medicate him.

## II. Discussion

In reviewing a pro se complaint, a district court is obliged to liberally construe the pleading, however inartfully pleaded. See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Simmons v. Dickhaut, 804 F.2d 182, 184 (1st Cir. 1986). This solicitous review ensures that pro se pleadings are given fair and meaningful consideration. See Eveland v. Director of C.I.A., 843 F.2d 46, 49 (1st Cir. 1988). If, during the course of a court's solicitous review, "there is any foundation of plausibility to the federal claim [then] federal jurisdiction exists . . .." 13B Wright, Miller & Cooper, Federal Practice and Procedure § 3564 (2d ed. 1984).

Plaintiff asserts twenty-five claims against defendants, most of which are incoherent. Liberally construed, plaintiff's

---

[2] See Rondeau v. N.H., No. 96-362-B (D.N.H. filed May 7, 1996).

5

claims fall into several categories: (1) he seeks to overturn the State court rulings that resulted in his mother gaining custody of Sarah; (2) he seeks release from the State Hospital; (3) he seeks damages for the alleged abduction of Sarah from Canada; and (4) he seeks damages for allegedly illegal searches by Concord police.

## A. Challenges to State Court Child Custody Rulings

Plaintiff's principal collection of claims relates to the allegedly unconstitutional State proceedings that resulted in child custody rulings adverse to Mr. Rondeau; he essentially seeks direct review of those State court rulings. Only the United States Supreme Court, however, has jurisdiction to directly review state court decisions. See District of Columbia of Appeals v. Feldman, 460 U.S. 462, 476 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923).[3] Accordingly, district courts may not consider arguments or claims that are inextricably intertwined with the state court decision. See Feldman, 460 U.S. at 476. Federal claims are inextricably intertwined with state court proceedings (even if precisely the same claims were not raised previously in state litigation) if the party had an opportunity to raise those claims and if

_____

[3] Plaintiff also seeks to challenge the revocation of his drivers' license. This claim can also be disposed of by the "Rooker-Feldman" doctrine and need not be considered further.

6

resolution of the claims in federal court would effectively provide a form of federal appellate review of the state court's decision. See Pennzoil Co. v. Texaco, 481 U.S. 1, 25 (1987) (Marshall, J., concurring); Lancellotti v. Fay, 909 F.2d 15, 17 (1st Cir. 1990). Once a state court issues a final judgment, a federal district court lacks jurisdiction to review the decision even if the state judgment is patently wrong or was entered following patently unconstitutional proceedings. See Young v. Murphy, 90 F.3d 1225, 1231 (7th Cir. 1996). Since Mr. Rondeau challenges various State court decisions, and thereby seeks federal review of those decisions, this court is without jurisdiction to review the matter. I, therefore, recommend dismissal of all claims relating to any state court child custody orders for lack of subject matter jurisdiction pursuant to 28 U.S.C. 1915A and Fed. R. Civ. P. 12(h)(3).

**B. Challenges to his Current Detention at the State Hospital**

Plaintiff's second major grouping of claims relates to the allegedly unconstitutional proceedings that resulted in his commitment to the New Hampshire State Hospital. Plaintiff is essentially challenging the fact of his confinement in terms of a civil rights action for damages under 42 U.S.C. § 1983. Pleadings addressing the fact or duration of confinement are not, however, properly couched in terms of a § 1983 claim, but must be

7

presented as a petition for writ of habeas corpus.  See Lanier v. Fair, 876 F.2d 243, 244 n.1 (1st Cir. 1989); Brennan v. Cunningham, 813 F.2d 1, 4 (1st Cir. 1989); 28 U.S.C. § 2254.  If Mr. Rondeau wishes to challenge the constitutionality of the proceedings that led to his commitment, and thereby challenge the fact of his confinement, then he must file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  These claims, therefore, should also be dismissed.

**C. International Child Abduction Claims**

Plaintiff also seeks damages from his mother and other defendants based upon the alleged abduction of Sarah from Canada by Rachel Rondeau.  The federal statutes implicated by plaintiffs' allegations are the International Child Abduction Remedies Act (ICARA), 42 U.S.C. 11601, et seq. (establishing procedures by which a parent can seek the return of a child that has been abducted across an international boundary), as well as the International Parental Kidnaping Crime Act ("IPKCA"), 18 U.S.C. § 1204 (making a crime the removal of a child from the United States with intent to obstruct the lawful exercise of parental rights).  ICARA does not, however, create a right of action for damages, but instead establishes that under some circumstances a United States court will enforce a foreign child custody determination.  See, e.g., Lops v. Lops, 140 F.3d 927

8

(11th Cir. 1998); <u>Currier v. Currier</u>, 845 F.Supp. 916 (D.N.H. 1994). IPKCA does not give rise to a private right of action for damages either; in addition, it only criminalizes the removal of a child <u>from</u> the United States, not <u>to</u> the United States. <u>See</u>, e.g., <u>United States v. Amer</u>, 110 F.3d 873 (2d Cir. 1997). Mr. Rondeau has not, therefore, stated a claim upon which relief may be granted arising from the alleged abduction of Sarah from Canada. Consequently, this claim should also be dismissed.[4]

## D. Search and Seizure Claim

Mr. Rondeau seeks money damages from the City of Concord and other defendants for searches of his person conducted by the Concord Police Department in June 1995. The Fourth Amendment affords individuals the right to be secure in their persons from unreasonable searches and seizures. <u>See</u> U.S. Const. amend. IV. To prevail on a Fourth Amendment claim plaintiff must establish that a government actor invaded his reasonable expectation of privacy, <u>see</u> <u>Katz v. United States</u>, 389 U.S. 347 (1967), and that the alleged search was unreasonable. <u>See</u> <u>Elkins v. United</u>

---

[4] In connection with the alleged abduction, Mr. Rondeau also asserts violations of his "rights" to travel abroad and to seek international refugee status. He has, however, alleged absolutely no facts indicating that he was ever prevented, before his commitment, from traveling abroad or from applying for refugee status while abroad. Consequently, I need not consider whether the denial of the asserted rights even gives rise to actionable claims for damages.

9

<u>States</u>, 364 U.S. 206 (1960). Plaintiff must also set forth factual allegations sufficient to sustain recovery respecting each material element of the asserted constitutional violation. See <u>Roth v. United States</u>, 952 F.2d 611, 613 (1st Cir. 1991).

Here, plaintiff has alleged too few facts to support his assertion of a Fourth Amendment violation; for example, he does not give us the circumstances under which the alleged searches took place, whether they were conducted pursuant to a court order, or what specifically the police did to him. In addition, the few facts provided indicate that plaintiff had no reasonable expectation of privacy, given that Rachel Rondeau insisted upon police protection as a condition of plaintiff's entry into her home, and also that the searches were reasonable, since plaintiff had previously abducted Sarah. Consequently, plaintiff has stated no claim upon which relief may be granted.[5]

### III. Conclusion

For the reasons stated above, I recommend that the complaint (document no. 1) be dismissed pursuant to 28 U.S.C. § 1915A and Fed. R. Civ. P. 12(h)(3).

---

[5] Finally, plaintiff has also asserted a First Amendment claim for violations of his right to freely exercise his religion. He has, however, alleged absolutely no facts implicating any First Amendment rights. I need not, therefore, consider the claim further.

A dismissal based upon this recommendation will count as a "strike" pursuant to 28 U.S.C. § 1915(g).

Any objections to this report and recommendation must be filed within ten days of receipt of this notice. Failure to file an objection within the specified time waives the right to appeal the district court's order. See Unauthorized Practice of Law Committee v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).

_____
James R. Muirhead
United States Magistrate Judge

Date: June 11, 1998

cc:    Kevin R. Rondeau, pro se